GEORGE KETELSEN, Respondent, v. DANKLEF NICKELSEN, Appellant.— Order denying motion to vacate order of publication, the warrant of attachment and all proceedings affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

MICHAEL P. KOSOLAPOV, Appellant, v. RUSSO-ASIATIC BANK, Respondent.— Order, so far as it grants the defendant's motion to dismiss the second cause of action in the amended complaint, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Such order, so far as it denies plaintiff's motion for a stay, is also reversed and motion granted except as to the trial of the action. In our opinion the second cause of action in the amended complaint is not in tort. While there are allegations appropriate to an action for conversion, the contract and its breach are also alleged and this cause of action is, therefore, just as susceptible of a construction as a cause of action on contract as it is as one in tort, and plaintiff is entitled to the most favorable construction in his favor. Furthermore, the defendant, having previously moved to dismiss this cause of action on certain grounds and said motion having been finally denied, was not at liberty to move again to dismiss the same cause of action upon some other and distinct ground. On a motion to dismiss a pleading or a cause of action contained therein, a party must present all the grounds for such dismissal or waive those not presented. Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ., concur.

ANDREW KOST and MARIA KOST, Respondents, v. NASSAU BOULEVARD REALTIES, INC., Appellant, and Others, Defendants.— Order, in so far as it places the case on the calendar for a day certain and directs that a copy of the order with notice of entry be served in place of the usual notice of trial, reversed on the law, with ten dollars costs and disbursements. The case was not upon the calendar and had not been noticed for trial by either side. The court, therefore, was without power to set the case down for trial for a day certain. (Zimmerman v. Rahmeyer, 230 App. Div. 719.) Lazansky, P. J., Young, Kapper, Hagarty and Scudder, JJ., concur.

FRANK LEGANOWICZ, Respondent, v. JAMES E. RONE, Appellant.— Order denying motion to dismiss the complaint for insufficiency affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from the entry of the order herein. The hearing before the division of licenses was not a judicial proceeding and the charges, therefore, were not protected by an absolute privilege. They may, however, have a qualified privilege. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.