796

GEORGE ALAGNA and Another, Plaintiffs, *v.* NEW YORK AND CUBA MAIL STEAMSHIP COMPANY and Another, Defendants.

Supreme Court, New York County, March 2, 1935.

*George J. Engelman,* for the plaintiffs.

*Burlingham, Veeder, Clark & Hupper,* for the defendant steamship company.

*Stanley R. Wright,* for the defendant Cabaud.

CALLAHAN, J.   Motion is granted and complaint dismissed.

The action is one in libel by commissioned radio operators against their former employers, a company operating a steamship line. The alleged libel is contained in a letter written by the defendant to the Federal Radio Commission protesting against the conduct of the plaintiffs in presenting a demand for new contracts of employment just at sailing time of a vessel.   There is nothing ambiguous about the letter.   Therefore, innuendoes are not necessary or helpful.   The letter concerns plaintiffs in their professional calling. It does not allege any general incapacity, but acts of alleged misconduct or unfairness in connection with the way that the new contracts were presented.   It unquestionably was sent for the purpose of having the plaintiffs disciplined.   That, however, would not make it libelous *per se* if its tenor did not hold plaintiffs up to ridicule or contempt or charge them with dishonesty or general unfitness for their calling.

Further, I think the letter absolutely privileged. The law requires the hiring of licensed radio operators by steamship lines and provides a method of complaint by employers and hearings by the

Commission. This letter was such a complaint. The Commission was authorized to subpœna witnesses, etc., to hear and determine the charges. In doing this they were exercising a judicial function and absolute privilege should apply. Public policy would seem to dictate such a holding.

The clerk will enter judgment dismissing the complaint on the merits, with costs.