.. no.

GEORGE B. LORIMER, Respondent, *v.* NEWS SYNDICATE CO., INC., Appellant.

First Department, June 28, 1944.

*J. Howard Carter* of counsel (*Stuart N. Updike* and *Weymouth D. Symmes* with him on the brief; *Townley, Updike & Carter,* attorneys), for appellant.

*Charles H. Tuttle* of counsel (*Stoddard B. Colby* and *Lloyd V. Almirall* with him on the brief; *Breed, Abbott & Morgan,* attorneys), for respondent.

*Per Curiam.* We think it was error to exclude evidence which might have explained the defendant's delay in publishing a retraction of the alleged libelous article and thus have mitigated the damages. The defendant pleaded a retraction on November 15, 1942, of the article published on June 19, 1942. At the trial it was contended by the plaintiff that a retraction made so long after the libel was of little benefit or of no benefit at all. Accordingly the defendant should have been permitted to offer proof that the delay was due, wholly or at least in part, to the acts of the plaintiff.

We think it was likewise error to exclude the proceedings in the District Court of the State of Nevada from which the jury might have concluded that the divorce between the plaintiff and his former wife was prearranged. In view of the allegations of paragraph fourth of the complaint that " the state-

ment in said article that the plaintiff and his wife ' had a chummy divorce ' is false '' and the absence of any unequivocal statement at the trial that the only libel for which damages were claimed consisted of the charge that the two couples seeking to be divorced intended to intermarry, the defendant was entitled to establish that the statement in the article that the plaintiff and his wife were obtaining a prearranged divorce was true.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Dore, J. (concurring). I concur for reversal and a new trial solely on the ground that it was error to exclude the judgment roll and the proceedings in the Lorimer divorce action in Nevada and any other evidence tending to show that such divorce was by consent of the parties. Defendant had pleaded as a defense that the articles complained of were in part a fair report of judicial proceedings.

Martin, P. J., Townley, Glennon and Untermyer, JJ., concur in Per Curiam opinion; Dore, J., concurs in separate opinion.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. [See post, p. 349.]