JEAN LONGO et al., Plaintiffs, *v.* FILOMENA TAURIELLO, Defendant.

Supreme Court, Special Term, Kings County, September 19, 1951.

*Nelson J. Roth* for defendant.

*Nicholas La Carrubba* for plaintiffs.

Dɪ Gɪᴏᴠᴀɴɴᴀ, J. Defendant moves, pursuant to rules 106 and 107 of the Rules of Civil Practice, to dismiss the complaint upon the ground that the same is insufficient in law and that the court has not jurisdiction of the subject matter of the action, pursuant to rule 103 of the Rules of Civil Practice to strike out part of paragraph fifth of the complaint on the ground that the same is sham, frivolous and irrelevant, and, pursuant to rule 112 of the Rules of Civil Practice, for judgment on the pleadings. Plaintiffs cross-move to strike out defendant's answer upon the ground that the same is sham and frivolous and also for judgment on the pleadings.

The complaint sets forth three causes of action for libel and the answer, in addition to denying the material allegations of the complaint, sets up three affirmative defenses.

As the basis for the motion under rules 106 and 107, defendant contends that the libelous statements set forth in the complaint were part of the papers submitted in the proceedings before the Temporary State Housing Rent Commission and consequently they are absolutely privileged and will not support an action for libel. Defendant also asserts that the complaint fails to allege sufficient ultimate facts showing publication of the libels.

The determination of the question of privilege is one of law for the court and if it be determined that the language used in the course of a judicial proceeding was not impertinent, the privilege is absolute (*People ex rel. Bensky* v. *Warden,* 258 N. Y. 55, 59). The protection of this privilege is limited, however, to remarks made by legislators in the course of debates, to reports of military officers to their superiors, to official acts

of state, and to statements made by counsel, judge, parties or witnesses in proceedings in court or for use in such proceedings, and in proceedings before tribunals and officers having the judicial attributes of a court. Only in such instances can the right of the individual to be secure in his reputation be invaded with complete immunity. It also appears that the tendency of our courts is to restrict the rule of absolute privilege rather than to extend it (*Andrews* v. *Gardiner,* 224 N. Y. 440). The latter case was one involving an action for libel growing out of statements by counsel in an application for a pardon made to the Governor and to which the plaintiff was opposed. The court held that the privilege of the defendant's counsel was conditional only and not absolute notwithstanding the fact that at such hearing the Governor had the right to subpœna witnesses, administer oaths, and possessed all powers in relation to such proceedings which are exercised "by any court or judge" (Correction Law, § 265). The court also stated (pp. 446, 447, 448): " The courts have refused, however, to apply the rule of absolute privilege to proceedings which, though official and public, are not in substance judicial (*Proctor* v. *Webster,* 16 Q. B. D. 112, 114; *Royal Aquarium* v. *Parkinson* [1892, 1 Q. B. 431], *supra*; *Barrett* v. *Kearns* [1905, 1 K. B. 504], *supra*; *Blakeslee* v. *Carroll,* 64 Conn., 223; *Wright* v. *Lothrop,* 149 Mass. 385, 390; Odgers on Libel and Slander, p. 233). In such cases the privilege is the qualified one that attaches to the honest assertion of a right or fulfillment of a duty * * *. We are not dealing here with statements made by witnesses required to attend a hearing (Prison Law, sects. 261, 262, 265): there is a distinction between the testimony of witnesses and voluntary complaints * * *. Our ruling is in harmony with the tendency of courts to restrict the scope of absolute privilege in libel ".

So also in *Leganowicz* v. *Rone* (240 App. Div. 731) the Appellate Division, Second Department, held that a hearing before the Division of Licenses of the State of New York was not a judicial proceeding and that the charges, therefore, were not protected by an absolute privilege. The court pointed out, however, that they may have a qualified privilege.

In the case at bar, the defendant landlord made an application to the Temporary State Housing Rent Commission for permission to subdivide plaintiffs' apartment and in connection with that application made the alleged libelous statements. The rent commission is an administrative agency of the government engaged in establishing "maximum rents for housing accommodations." Under chapter 274 of the Laws of 1946 of the State

of New York (as amd. by L. 1950, ch. 250), the commission is vested with general powers and duties, to adopt, promulgate, amend or rescind such rules, regulations and orders as it may deem necessary or proper to effectuate the aforesaid purposes, " including practices relating to recovery of possession " and to " provide regulations for the making of individual adjustments in those cases where substantial and unavoidable increases in property taxes or other operating expenses exclusive of allowances for depreciation, obsolescence and reserves shall result in operating costs exceeding rental income " and in those cases where " severe hardship will result because the maximum rent for any housing accommodation is substantially higher or lower than the rents otherwise generally prevailing in the same area for substantially similar housing accommodations " (§ 4). The commission is also authorized to make such studies and investigations, to conduct such hearings and to obtain such information as the commission deems necessary or proper in prescribing any regulation or order " under this act or in the administration and enforcement of this act " (§ 5). It is also to be noted that " Any proceedings " under the act " may be limited by the commission to the filing of affidavits, or other written evidence, and the filing of briefs ". The statute provides further for a judicial review of the regulations or orders of the commission pursuant to article 78 of the Civil Practice Act.

The foregoing brief outline of the powers of the commission clearly shows that in no proper sense can the commission be said to be a judicial body or a tribunal having the judicial attributes of a court. The commission is not called upon to observe the procedure followed in the courts of record of New York for, as pointed out above, the commission may limit the parties to the filing of affidavits or other written evidence and to the filing of briefs. Moreover, there is nothing in the act itself which indicates any intent on the part of the Legislature to confer judicial power upon that body. The commission is merely an administrative agency and it does not appear thus far that the law has extended " the mantle of absolute privilege to persons invoking the action of administrative tribunals " (*Meyer* v. *Parr,* 37 N. E. 2d 637 [Ohio]). Defendant's motion to dismiss the complaint pursuant to rules 106 and 107 of the Rules of Civil Practice is, therefore, denied.

Defendant's further contention that the complaint is defective in that it does not set forth any ultimate facts showing publication of the libel is also without merit. The allegation in paragraph sixth of the complaint that the accusation was brought to

the attention of the employees of the rent commission in the papers filed with such commission is sufficient to establish publication (Seelman on Libel and Slander, pp. 115, 116).

Defendant's motion, however, to strike out part of paragraph fifth of the complaint on the ground that the same is sham and frivolous is granted for the reason that it is apparent that the same is not libelous. The part objected to reads: " ' Landlord is now informed that wife of tenant is engaged in business in the State of Florida.' "

Since the complaint and answer raise triable issues of fact, both plaintiffs' and defendant's motions for judgment on the pleadings are denied.

Plaintiffs' further motion to strike out defendant's answer on the ground that the same is sham and frivolous is also denied. Settle order.