Benjamin Brenner, J.
This is an action for libel brought by a general surgeon against his patient based on a letter admittedly sent by the patient to the New York County Medical Society which, in part, reads as follows:
‘ It was guaranteed to me by the physician, who is the subject of this correspondence, that the scar which is on my left shoulder would disappear, except for a thin and barely visible line, after the performance of the operation. Further, that this healing process would take only about four months. Since the date of the operation, no change whatsoever has taken place, nor has the length or ugliness of the scar in any way diminished.
“ The consultation which took place on Saturday between Dr. and myself, was both disheartening and, I believe, unethical. Dr. readily admitted to the operation’s failure, indicating that the scar would not disappear and that he did not perform a proper operation. When asked by me *771 what he proposed doing to rectify this situation, he suggested another operation at additional cost.” The letter ends with a request for “ assistance and guidance.”
Plaintiff testified that the portion of the letter above quoted was untrue; that when defendant inquired about the removal of the scar he informed her that this was impossible; that he thereafter agreed to attempt to improve and reduce the cosmetic defect caused by what he says he mistakenly called a keloid scar, undertaking to substitute for it a less unattractive scar. Defendant offered evidence in support of the assertions contained in the letter. Officials of the Medical Society testified that a promise of successful outcome is not unethical but that it is so if made with knowledge of its impossibility. Inspection of the scar during trial disclosed that the original scar, whose dimensions are disputed, was replaced by another of about six inches in length and about one-quarter to one-half inch in width. It is now a raised and colored scar instead of the prior flat and fading one.
The Grievance Committee and the Board of Censors of the Medical Society dealt with the original and subsequent correspondence between the society and the parties. The committee and the board were, according to the evidence, created to maintain good public relations between doctor and patient, specifically inviting complaints against members of the medical profession, which complaints, after their receipt, are examined and disposed of in confidence. The society may reject a charge, as it has in this particular case, or, if it is deemed to be well founded, will discipline the doctor.
One of the stated principles of professional conduct of the Medical Society of the State of New York, of which this plaintiff is a member, is as follows: ‘ ‘ The promise of radical cures or boasting of cures or of extraordinary skill or success is unethical. ’ ’
The Grievance Committee rejected the defendant’s complaint on the basis of the plaintiff’s assurance that no guarantee or promise of outcome was made by him and that the procedure used was standard practice. The Board of Censors subsequently indicated its opinion that there was no violation of any principle of ethics and also asserted in its communication to the plaintiff that it is not unethical for a surgeon to guarantee the outcome of an operation but that such guarantee would constitute fraud and deceit if known to be impossible or highly improbable.
It is the gravamen of plaintiff’s complaint, borne out by the testimony of the doctors produced by him and credited by me, *772 that no scar can be completely eliminated, and if incised, it must of necessity be substituted by another. Surgery being an art, rather than a science, there obviously should be no guarantee or promise to a patient of a completely successful outcome of a surgical procedure. An unequivocal prediction that a barely visible mark would remain is indefensible and the lack of such foresight must be presumed. Thus the opinion of the Board of Censors of the society condoning as ethical plaintiff’s guarantee of a particular outcome of the operation, which guarantee it knows to be highly improbable or impossible, is without basis and constitutes a contradiction of its own concept. I must conclude that a guarantee of removal and reduction of the scar to that of a thin and barely visible line would be reprehensible, deceitful and unethical. To falsely accuse a surgeon of making such a definitive guarantee of recovery is to impugn his integrity and professional standing as a surgeon, amounting to libel per se (Rager v. McCloskey, 305 N. Y. 75; Musacchio v. Maida, 137 N. Y. S. 2d 131).
If the society’s view as to the ethics involved in this matter be accepted, then, under normal circumstances a false charge of guarantee of a particular outcome of an operation can seldom form a legal basis for a claim of defamation. I am unable to accept that view as binding on the court even though it be pronounced by a society of doctors. If as a matter of public policy it runs counter to the general good, it should be rejected. It could be argued that plaintiff being a member of the society and thus bound by its principles and rulings must be presumed to have waived his legal rights. But plaintiff, though a member, is not bound by any ruling of his organization which is contrary to public policy, any more than would a lawyer be denied a legal remedy against a client falsely charging theft simply because his Bar Association might condone misappropriation of trust funds under particular circumstances.
That the society, under its rules, treats the communication in confidence, does not render its falsity the less libelous (53 C. J. S., Libel and Slander, p. 192) for it is enough that it be public and made known to persons other than the parties, even though they may be members of an official body (Longo v. Tauriello, 201 Misc. 35) or a select and private group of professionals (Lee v. Fuetterer Battery & Supplies Co., 323 Mo. 1204).
It was, of course, defendant’s qualified privilege to communicate with the society. Having been, as indicated, invited to do so, it was in her own interest to tell of her grievance (Loewinthan v. Le Vine, 270 App. Div. 512) and to tell it to *773 a body having a common interest and expressly set up to receive and to deal with it (Kaplan v. Gawron, 66 N. Y. S. 2d 63).
Thus, if the plaintiff truly and specifically undertook to reduce the scar to that of a thin or barely visible line then the charge of defamation is groundless for defendant would then, in a privileged communication, be writing what she believed, in good faith, to be the truth (3 Restatement, Torts, p. 240). I unrestrainedly credit the evidence as to the plaintiff’s reputation for competence and good professional conduct. Acceptable, also, without imputation of fault, is the uncontroverted evidence that as a general surgeon, plaintiff was competent to perform the simple operative procedure for the improvement of a cosmetic scar, though it also appears that in the New York area this is generally done by a plastic surgeon. Nor can one quarrel with the doctors who testified upon trial that reasonable assurances and hopeful expressions of a good outcome by a surgeon to a patient are often advisable even in the case of a noncritical and cosmetic operation, particularly when the patient is, as was this defendant, of a nervous and apprehensive nature.
But, however much plaintiff denies promising almost complete removal of the scar, I must credit the defendant’s assertion that plaintiff did do so and that this- was the precise objective and promise of the operative procedure. It is borne out by plaintiff’s reply to the society’s inquiry and in his prior sworn testimony. This, then, was the principal basis for the defendant’s grievance and she expressed it, according to the society’s representatives in a “ courteous fair and reasonable fashion.” Being a truthful statement by an interested patient, privileged to make it to those mutually interested and authorized to receive and deal with it, malice may not be implied (Loewinthan v. Le Vine, supra).
The charge of defamation which plaintiff attributes to the remainder of the letter to the society relative to an alleged guarantee of the length of time for healing and an admission of failure is without merit. Even if these charges be untruthful, they are not in essence statements of a defamatory nature, since erroneous speculation as to time for healing and an occasional failure of an operation do not affect the professional standing or the ethics of a surgeon.
The defendant is entitled to judgment dismissing the complaint.