Donald S. Taylor, J.
In this action for slander the plaintiff moves to strike the five separate defenses contained in the defendant’s answer on the ground that they are legally insufficient. The defendant in turn challenges the legal sufficiency of the amended complaint. (Rules Civ. Prac., rule 109, subd. 6.)
The first separate defense based on the qualified privilege of fair comment on a matter of public interest and concern is sufficient in law. In order to acquire defeasible immunity an utterance purporting to be fair comment on a subject of public interest must be (1) comment, (2) based on facts truly stated or referred to, (3) free from imputations of corrupt or dishonorable motives on the part of the person whose conduct is criticized, save insofar as such imputations are warranted by the facts truly stated and (4) the honest expression of the speaker’s real opinion. Fairly read, this defense meets these tests. (Julian v. American Business Consultants, 2 N Y 2d 1, 8, 12; Briarcliff Lodge Hotel v. Citizen-Sentinel Publishers, 260 N. Y. 106, 118; Hoeppner v. Dunkirk Print. Co., 254 N. Y. 95, 106; Triggs v. Sun Print. & Pub. Assn., 179 N. Y. 144, 154k-155; Foley v. Press Pub. Co., 226 App. Div. 535, 547.)
The second separate defense alleges absolute privilege. To extend the rule of absolute privilege to statements of the Conservation Commissioner made at a testimonial dinner of sportsmen having no official relationship with the administration of his department would stretch the doctrine of complete immunity to an impermissible limit. (People ex rel. Bensky v. Warden of City Prison, 258 N. Y. 55; Pecue v. West, 233 N. Y. 316; Andrews v. Gardiner, 224 N. Y. 440; Shenkman v. O’Malley, *990 2 A D 2d 567, 578; Leganowicz v. Rone, 240 App. Div. 731; Longo v. Tauriello, 201 Misc. 35.) This defense is insufficient in law.
The third separate defense, by reference, reiterates in their entirety the allegations of the complete defenses of fair comment and absolute privilege as a partial defense in mitigation of damages and is sufficient for this purpose. This mode of “ rolled-up ” plea is sanctioned in libel and slander suits even though the complete defense be held to be insufficient as such. It is for the jury to say whether the pleading as thus made up tends to negate malice and to soften the culpability attaching to the defamation. (Gressman v. Morning Journal Assn., 197 N. Y. 474, 480-481; Lampher v. Clark, 149 N. Y. 472, 476; Farbenfab riken of Elberfeld Co. v. Beringer, 158 F. 802; Weisberger v. Condon, 285 App. Div. 827, 894; Josephson v. New York World-Telegram Corp., 179 Misc. 786; Foley v. Press Pub. Co., supra.)
The fourth partial defense is also sufficient as it alleges facts which relevantly bear on the defendant’s liability for punitive damages. (Kelley v. Hearst Corp., 2 A D 2d 480, 485; Lorimer v. News Syndicate Co., 268 App. Div. 128, 849; O’Connor v. Field, 266 App. Div. 121.)
The last separate defense is legally insufficient and unnecessary. It adds nothing which is not already pleaded or which is not provable under the denials contained in the defendant’s answer. (Civ. Prac. Act, § 261; Kraushaar v. Lavin, 39 N. Y. S. 2d 880.)
Since the plaintiff’s motion searches the record, the defendant contends that the amended complaint fails to state facts sufficient to constitute a cause of action. His position is clearly untenable. The plaintiff alleges that the defendant, who was then Conservation Commissioner of the State of New York, in a speech delivered at a dinner at the Hotel Woodruff in the city of Watertown, New York on May 31, 1956 falsely stated in the presence of over 150 persons that the plaintiff, a public official employed by the State of New York in the capacity of chief of the Bureau of Game, Division of Fish and Game, in the New York State Conservation Department, was guilty of malfeasance in office in that his deliberate sabotage or gross neglect “ sunk ” an experimental wild life project conducted by the department at Grenadier Island. He also alleges that the defendant’s remarks were uttered with malice and a deliberate intent to injure him in his office and employment and to subject him to ridicule, suspicion and contempt over a wide area. Proof of these allegations makes out a *991 cause of action in slander per se and no allegation or proof of special damages is necessary. (Toomey v. Farley, 2 N Y 2d 71, 85; Macy v. New York World-Telegram Corp., 2 N Y 2d 416, 420; Mencher v. Chesley, 297 N. Y. 94; Sydney v. Macfadden Newspaper Pub. Corp., 242 N. Y. 208; Abell v. Cornwall Ind. Corp., 241 N. Y. 327, 335; Cafferty v. Southern Tier Pub. Co., 226 N. Y. 87, 622; Moore v. Francis, 121 N. Y. 199, 204; More v. Bennett, 48 N. Y. 472, 476; Sanderson v. Caldwell, 45 N. Y. 398, 403; Shakun v. Sadinoff, 272 App. Div. 721; Julian v. American Business Consultants, supra; see Hoeppner v. Dunkirk Print. Co., supra.)
The plaintiff’s motion is granted in respect of the second and fifth separate defenses and is otherwise denied. The defendant’s cross motion to dismiss the amended complaint is denied.
Submit order accordingly.
All papers are forwarded herewith to the attorneys for the plaintiff.