Louis B. Heller, J.
In this action for lihel and slander
plaintiffs move for an order pursuant to rule 109 of the Buies of Civil Practice striking out paragraphs of the defendants’ answer numbered “ 16 ” to “ 31 ”, inclusive, upon the ground that the defenses therein contained are insufficient in law and in addition seek partial summary judgment on the first cause of action in favor of Patricia Held. The alleged libelous statements attributed to the defendants in plaintiffs’ first cause of action are contained (a) in a letter from the defendant Marie Merendino, the owner of an apartment house, to the lessee of the apartment occupied by the plaintiffs; and (b) in an affidavit filed with the New York State Bent Commission in a proceeding pending before that body. The second cause of action is based on alleged utterances of a similar nature made by “ the defendant.” The answer interposed denies the material allegations of the complaint except the defendant Marie Merendino admits signing and mailing the letter and filing the affidavit which formed the basis for plaintiffs’ first cause of action. The defendants’ answer also contains a complete affirmative and a partial defense of truth as to the contents of the letter and affidavit. The defendants allege that the statements referred to are and were true and were made in good faith and without malice; they state facts which they contend substantiate their allegations and disclose the source of their information. The allegations of defendants’ first separate defense are also pleaded as a first and second partial defense in which defendants also, claim that the affidavit complained of was filed in a proceeding before a legally constituted agency of the State of New York with semi-judicial powers and is privileged. A comparison of the facts pleaded in support of defendants’ first defense, which must be taken as true (Cavanaugh v. Hutcheson, 140 Misc. 178; *925 Burns v. Lopez, 256 N. Y. 123) with the libelous statements will show that if these facts are proven on the trial to the satisfaction of the court, the truth of the libelous charges contained in the letter and affidavit will be established and since truth is an absolute defense to a civil action for libel (Rodger v. American Kennel Club, 131 Misc. 312) the defendants will not be liable (Flynn v. New York World Telegram, 150 Misc. 241) and plaintiffs ’ motion to strike out that portion of the defendants ’ answer setting up truth as a defense, must be denied. In considering defendants’ second defense it must be stated that the defense of privilege as herein asserted is, at most, conditional. The State Housing Rent Commission is an “ administrative agency ’ ’ of the Government engaged in establishing maximum rents and determining other questions involving housing accommodations and is not a “ judicial body ” or a tribunal having the judicial attributes of a court. The alleged libelous statements made in papers submitted in a hearing before said commission were not absolutely privileged but had only the qualifying privilege that attaches to the honest assertion of a right or fulfilment of a duty. (Longo v. Tauriello, 201 Misc. 35, citing Rules Civ. Prac., rules 103, 106, 107 and 112; Civ. Prac. Act, § 1283, and Emergency Housing Rent Control Law [L. 1946, ch. 274, as amd.], §§ 4-6 et seq.)
While the hearing before the Rent Commission was not a judicial proceeding and the charges therefore were not protected by an absolute privilege, defendants may have a qualified privilege (Leganowicz v. Rone, 240 App. Div. 731) and plaintiffs ’ move to strike this defense must likewise be denied. The remaining branch of this motion, plaintiffs’ plea for partial summary judgment on the first cause of action, must also be denied. The record raises material and triable issues of fact as to the truth or falsity of the defamatory statements charged to the defendants and the publication thereof, all of which preclude a summary disposition of this matter. Motion denied in toto.