ALFONSO PANNONE, Appellant, v. LENA PANNONE, Individually and as Executrix of RALPH PANNONE, Deceased, Respondent, et al., Defendants.— In an ejectment action to recover possession of certain real property, in which the defendant Lena Pannone asserted a counterclaim that plaintiff held the title for her under a constructive trust, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered August 28, 1962 upon the decision and opinion of the court, after a nonjury trial, in favor of said defendant upon her counterclaim, adjudging that plaintiff held the title to the property in trust for her and directing its conveyance to her upon her payment to plaintiff of the sums which he had paid for the property and for the taxes thereon. Judgment affirmed, with costs.  The question presented was primarily factual and, in our opinion, the determination of the learned Special Term was amply supported by the proof (cf. *Pagano* v. *Pagano*, 2 A D 2d 756, mot. for lv. to app. den., 2 N Y 2d 708).  Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

SIEGFRIED POLLAK et al., Respondents, v. LAKE TIBET ESTATES, INC., et al., Appellants, et al., Defendants.— In an action by a number of grantees of a common grantor of certain real property, to restrain the defendants from violating certain restrictive covenants contained in the deeds, for a declaration of plaintiffs' rights under such covenants, and for other relief, all the defendants (except Tibet Lake Estates, Inc. and the defendants Holden) appeal from so much of an order of the Supreme Court, Westchester County, dated October 15, 1962 and entered October 23, 1962 in Putnam County, as denied their motion for summary judgment dismissing the complaint.  Order, insofar as appealed from, affirmed, with $10 costs and disbursements.  In our opinion, triable issues of fact exist which cannot be determined on the basis of the conflicting affidavits submitted by the parties.  We take note of the undesirable, if not improper, practice disclosed by the record on this appeal.  It appears that this action was commenced in October, 1960 and that it first appeared on the Trial Calendar in September, 1961.  It was set down for trial at the June 1962 Term, but was not reached.  In August, 1962, the motion for summary judgment was made.  Thus, the motion was made nearly two years after the inception of the action and less than a month prior to the time it would have been reached for trial.  Such tactics have prevented the disposition of the action in the regular order.  The remedy of summary judgment should be used to expedite, and not to delay, the disposition of actions (*Jordan* v. *Levy*, 16 A D 2d 64, 65).  Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.