504 P.2d 1288

Marie MELTON, a married woman,
Appellant,

v.

Carl J. SLONSKY and Lillian S. Slonsky,
his wife, Appellees.

No. 1 CA–CIV 1768.

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 16, 1973.

Rehearing Denied March 20, 1973.

Review Denied April 17, 1973.

Otto H. Linsenmeyer & Gerald Eastman by Gerald G. Eastman, Phoenix, for appellant.

Kanne & Bickart by Allen B. Bickart, Phoenix, for appellees.

JACOBSON, Chief Judge, Division One.

This appeal requires the court to determine what privilege, if any, extends to defamatory statements made by a volunteer witness at a public hearing before an administrative board.

Plaintiffs-appellees, Carl L. Slonsky and Lillian S. Slonsky, originally brought an action against defendant-appellant, Marie Melton, and her husband, for damages arising out of certain allegedly slanderous statements made by Mrs. Melton before the Arizona State Liquor Board which was considering an application for a "location-to-location" transfer of a Series No. 7 Beer and Wine license owned by plaintiff Carl J. Slonsky.

The matter came on for trial initially in January 1970. At that trial plaintiffs moved to have the court determine whether a rather lengthy statement attributed to Mrs. Melton was slanderous per se. At that time the trial court determined that a portion of that statement was slanderous per se. This initial trial ended when a mistrial was declared on January 12, 1970. The matter was then re-set for trial on February 24, 1970, at which time plaintiffs filed a "Motion in Limine and/or for Directed Verdict" and an amended complaint which deleted Mrs. Melton's husband as a party defendant and limited the cause of action solely to those statements attributed to Mrs. Melton which the trial court had previously determined to be slanderous per se. The trial court in considering the motion and amended complaint again ruled that the statements allegedly made by Mrs. Melton were slanderous per se, and that the circumstances in which the statements were made did not give rise to any privilege defense. At the close of the testimony, the trial court granted a directed ver-

dict in favor of the plaintiffs as to liability and submitted to the jury only the issue of damages. The jury returned a verdict in favor of the plaintiffs for $21,000.00 compensatory damages and $5,000.00 punitive damages. Upon judgment being entered upon this verdict, and after denial of defendant's post trial motions, defendant has appealed.

At this point on appeal there is no dispute as to the facts giving rise to plaintiffs' cause of action, or that the statements made by the defendant were in fact slanderous per se.

Plaintiff Carl J. Slonsky (hereinafter referred to as the plaintiff), in 1967 was the owner of a Series No. 7 Beer and Wine license located at 212 North First Street; Phoenix, Arizona. Due to the razing of the building at that location to make way for the new Valley National Bank building, plaintiff made application to transfer the license to 21 East Washington, Phoenix, Arizona. At this time plaintiff also owned a Series No. 6 license located at 124 North First Street in Phoenix, Arizona. This location was adjacent to property owned by the defendant and her sister.

On October 4, 1967, a hearing was held before the Arizona State Liquor Board concerning the transfer of the Series No. 7 license, at which time the transfer application was taken under advisement. The defendant did not appear at this October 4th hearing. On October 18, 1967, the plaintiff was advised that his application for transfer would again be considered by the Board, although the transfer application was not on the agenda for that date. At this hearing defendant voluntarily, without being sworn in as a witness or being subpoenaed by the Board, requested and was granted permission to make a statement in opposition to the transfer. This statement is the basis for plaintiff's cause of action for slander. It would serve no useful purpose to set forth this statement verbatim, suffice it to say, that defendant after setting forth various problems involved in

plaintiff's operation of his bar business accused the plaintiff of obtaining his Series No. 6 license by bribing public officials and claimed that there was some illegality involved in that transaction. Persons other than the board members were present when these statements were made. The Board subsequently denied plaintiff's application for transfer, although it was stipulated that the reasons for the denial were unrelated to defendant's statements.

Defendant raises several issues which, in her opinion, require a reversal of the trial court's judgment. However, we are of the opinion that the issue of whether defendant's statements made before the Arizona State Liquor Board were privileged is determinative of this appeal; and, therefore, the other alleged errors need not be discussed.

The defendant contends that the Arizona State Liquor Board is a "quasi-judicial" body, and therefore, any statements made by her before such a board are absolutely privileged, even though slanderous per se. This contention is based upon the principle that a witness is absolutely privileged to publish false and defamatory matter concerning another in a judicial proceeding if the matter as to which he is testifying has some relationship to the matters at issue, citing the Restatement of Torts § 588, Witnesses in Judicial Proceedings (1938).

On the other hand, plaintiff, while recognizing the existence of an absolute privilege in judicial and "quasi-judicial" proceedings, contends that administrative boards such as the Arizona State Liquor Board are not "quasi judicial" in nature, and therefore, no privilege of any kind attaches to statements made before such bodies. In support of this contention plaintiff cites the case of Meyer v. Parr, 69 Ohio App. 344, 37 N.E.2d 637 (1941). In Meyer, *supra*, the court held:

"This is an administrative board [State Board of Embalmers]—a part of the executive department—engaged in executing or enforcing the law. The

hearing which it gives is for the sole purpose of ascertaining information in the light of which it can intelligently and judiciously enforce the rule of the statute. This is not an exercise of judicial power. It is an exercise of that circumspection and sound discretion that should characterize the conduct of every official whether judicial, executive, or legislative." 69 Ohio App. at 349, 37 N.E.2d at 640.

There appears to be a split of authority as to whether administrative boards are "quasi-judicial" bodies, and thus statements made before them are absolutely privileged. *Pro:* Shummway v. Warrick, 108 Neb. 652, 189 N.W. 301 (1922) [State Banking Board]; Alagna v. New York & Cuba Mail S. S. Co., 155 Misc. 796, 279 N.Y.S. 319 (1935) [Federal Radio Commission]; Robertson v. Industrial Insurance Company, 75 So.2d 198, 45 A.L.R.2d 1292 (Fla. 1954) [State Insurance Commissioner]; Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552, 117 A.2d 889 (1955) [Director of Milk Industry] *Con:* Meyer v. Parr, *supra,* [State Board of Embalmers]; Koehler v. Dubose, 200 S.W. 238 (Tex.Civ.App.1918) [State Comptroller]; Fedderwitz v. Lamb, 195 Ga. 691, 25 S.E. 2d 414 (1943) [State Revenue Commission]; Grubb v. Johnson, 205 Or. 624, 289 P.2d 1067 (1955) [State Insurance Commission].

█ The difference in the results evidenced by the above cases stems not only from a statutory difference in the powers and procedures of the various administrative bodies involved, but also, in our opinion, from a judicial determination of which of two conflicting public policies shall prevail. That is, giving recognition to the policy "that persons should speak freely and fearlessly in litigation, 'uninfluenced by the possibility of being brought to account in an action for defamation'," Stewart v. Fahey, 14 Ariz.App. 149, 150–151, 481 P.2d 519, 520–521 (1971), and a policy against extending this rule to administrative bodies where a volunteer informer

may "[vent] his malice under the guise of protecting the public." Meyer v. Parr, *supra*. In our opinion, both policies can best be served not by granting or denying an absolute privilege based upon the mere determination of whether a particular administrative board possesses "quasi-judicial" powers, but by extending a qualified or defeasible privilege to statements made before such boards. Such a qualified privilege was recognized at common law as the "public interest" privilege and "involves communications made to those who may be expected to take official action of some kind for the protection of some interest of the public." W. L. Prosser, Law of Torts, § 115, at 791 (4th ed. 1971). By granting a defeasible privilege to the communication made before an administrative body, the right of individuals to express freely their views at hearings upon the subject under consideration is protected, while at the same time such hearings are prevented from becoming a forum for unfettered character assassination. Implicit in making the privilege qualified is the qualification that the privilege will be forfeited if irrelevant defamatory matter which has no bearing on the matter under consideration is indulged in, Lathrop v. Sundberg, 55 Wash. 144, 104 P. 176 (1909), or if publication is made to any person other than those whose hearing of it is reasonably believed to be necessary or useful for furtherance of the public interest. Vail v. Pennsylvania R. Co., 103 N.J.L. 213, 136 A. 425 (1927). Moreover, the qualified privilege is lost if the publication is not made primarily for the purpose of furthering the public interest which is entitled to protection. Restatement of Torts, *supra*, § 603, Purpose of Particular Privilege. This is generally referred to as "with malice". We therefore hold that the statments made by the defendant at a public hearing of the Arizona State Liquor Board were subject to a qualified privilege.

■ Plaintiff contends, however, that as a matter of law, defendant exceeded the bounds of even a qualified privilege by engaging in statements concerning plaintiff's Series No. 6 license, while the matter under consideration before the Board was the transfer of plaintiff's Series No. 7 license. One of the matters to be considered by the Arizona State Liquor Board in determining whether a location to location transfer should be made is whether the "best interest of the community will be substantially served by the [transfer]." A.R.S. § 4–203, subsec. A; Arizona State Liquor Bd. v. Employees Distributing Co., 14 Ariz.App. 15, 480 P.2d 38 (1971). Relevant to this determination may well be the character of the owner of the license. At the very least, a sufficient fact question was raised for consideration by a jury. As was stated by Professor Prosser:

"Once the existence of the privilege is established, the burden is upon the plaintiff to prove that it has been abused by excessive publication, by use of the occasion for an improper purpose, or by lack of belief or grounds for belief in the truth of what is said. Unless only one conclusion can be drawn from the evidence, the determination of the question whether the privilege has been abused is for the jury." W. L. Prosser, Law of Torts, *supra*, at 796.

In our opinion, the trial court erred in denying to the defendant the defense of qualified privilege and in taking from the jury's consideration the question of whether such qualified privilege was abused.

For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for a new trial.

EUBANK, P. J., and HAIRE, J., concur.