JULIEN J. STUDLEY, INC., et al., Respondents, v SAMUEL J. LEFRAK et al., Appellants.

Second Department, December 15, 1975

*Rogers & Wells (Guy C. Quinlan, William R. Glendon* and *James M. Asher* of counsel), for appellants.

*Shatzkin, Cooper, Labaton, Rudoff & Bandler (Burton S. Cooper, Alan E. Bandler* and *Douglas A. Cooper* of counsel), for respondents.

MARGETT, J. The plaintiffs, according to the complaint, are duly licensed real estate brokers. They commenced this action for breach of contract (the first four causes of action) and libel (the fifth and sixth causes of action) as the result of certain events arising out of an alleged breach by the defendants of certain agreements. Both parties have characterized the libel causes of action as being also for abuse of process. The defendants moved for partial summary judgment or, in the alternative, to limit the issues of fact for trial. For the reasons set forth below, we modify the order of the Special Term, which denied the motion, to the extent of granting the defendants partial summary judgment, i.e., so as to dismiss the fifth and sixth causes of action.

The plaintiffs' first and fourth causes of action are founded directly upon two agreements entered into by plaintiff Julien J. Studley, Inc., under which it was to act as the exclusive renting agent for two buildings to be constructed, i.e., one agreement with defendant Fifth Avenue Leasing Corp. dated March 19, 1968 and the other with defendant LSS Leasing Corporation dated March 28, 1968. Each agreement contained a provision declaring that it would continue in effect until six months after completion of the separate building with which it was concerned, but that the contracting defendant would have the right to cancel it upon 30 days' written notice any time after one year following the commencement of construction of the building. Shortly after execution of these agreements, a dispute arose between the parties and, in a series of letters during June, 1968, the contracting defendants, through defendant Lefrak Organization, Inc., notified the plaintiffs that both agreements were being terminated on the ground of a conflict of interest on the part of the plaintiffs.

Noting the above contract provision permitting cancellation, the defendants argue that the question as to the relevant damage periods which would apply in the event the plaintiffs establish their claims for breach of these agreements is an issue ripe for summary judgment. We disagree. Firstly, it is to be observed that the date or dates when construction of the buildings commenced have not been established in the record on this appeal. Without this information, calculation of when the defendants' right to terminate began is not possible. Secondly, even if the time to rightfully terminate was readily ascertainable, the profits resulting from a renting agency agreement cannot be predicted with certainty, but depend in large measure upon the efforts of the agent. Such an issue

involves questions of fact properly reserved for trial. Lastly, we also note the undesirable practice of making this kind of motion substantially after inception of the action and on the eve of trial *(Pollak v Lake Tibet Estates,* 19 AD2d 747). For these reasons we hold that the Special Term properly denied the defendants' motion as to the breach of contract claims in the first and fourth causes of action.

The plaintiffs' causes of action in libel are predicated upon the submission by defendant Lefrak Organization, Inc., of an affidavit to the Department of State of the State of New York in support of a complaint charging the plaintiff real estate brokers with breach of fiduciary duty and untrustworthiness under section 441-c of the Real Property Law. The affidavit, filed as part of a proceeding in which evidence was taken at a hearing before an examiner and in which the parties were represented by counsel, contains several allegations of professional misconduct clearly pertinent thereto.

Although the complaint further alleges that all the defendants willfully and maliciously circulated false and defamatory matter concerning the individual plaintiff's trustworthiness as a broker, no such proof in this regard was submitted in the papers opposing partial summary judgment and we therefore hold this claim to be insufficient as a matter of law (cf *Williams v Williams,* 23 NY2d 592).

The defendants assert that the filing of the affidavit with the Department of State is within the scope of a qualified privilege as a matter of law and that the failure to come forward with evidence of malice warrants summary judgment against the plaintiffs. Although we agree that the plaintiffs' claim is insufficient, our conclusion is based not upon an inadequate showing of malice, but rather upon the proposition that such a communication, made to a licensing agency in connection with a license revocation proceeding in which the agency holds a hearing in order to properly perform its function, is entitled to an absolute privilege, such as that accorded judicial proceedings, thereby rendering the question of malice immaterial (see *Loudin v Mohawk Airlines,* 44 Misc 2d 926; *Alagna v New York & Cuba Mail S.S. Co.,* 155 Misc 796; 35 NY Jur, Libel and Slander, § 110).

We recognize that the rule of qualified privilege, insofar as it protects communications made bona fide upon a matter in which the parties have corresponding interests or duties, is a sound and beneficial rule to apply in circumstances of peer

review (see *Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56). However, we find that in weighing the necessity for free disclosure in a proceeding concerning license revocation against the harm to the individual which may result from malicious defamation, such a rule is inadequate for sufficient protection of the public interest. A substantial segment of the public is affected by the activities of real estate brokers, and to inhibit the investigatory process in license revocation proceedings by exposing a complainant to a potential suit in defamation has the practical effect of unduly restricting an important avenue of public inquiry and concern.

We acknowledge that the rule of qualified privilege has been a traditional point of departure in the analysis of defamation suits vis-à-vis administrative proceedings. Over 40 years ago this court specifically held the rule applicable to a license revocation proceeding similar to that involved herein *(Leganowicz v Rone,* 240 App Div 731). Since that time, however, the complexities of our modern society have substantially broadened the role of administrative law both in its rule-making and adjudicative aspects. With that expansion has come a concomitant recognition by many courts that certain attributes of the judicial process have equal relevance to those administrative bodies that utilize a quasi-judicial process in the determination of individual rights, privileges or obligations.

With specific reference to the issue before us, we note that a number of our sister States have, in a variety of administrative settings, invoked the rule of absolute privilege so as to insulate complainants from liability in subsequent defamation suits (see, e.g., *Rainier's Dairies v Raritan Val. Farms,* 19 NJ 552; *Robertson v Industrial Ins. Co.,* 75 So 2d 198 [Fla]; *Parker v Kirkland,* 298 Ill App 340). Our decision today, which is founded both upon the particular quasi-judicial nature of this administrative proceeding and the compelling public interest involved, reflects a similar recognition.

We also hold that the submission of the affidavit complained of by the plaintiffs does not constitute prima facie evidence of abuse of process. Assuming, *arguendo,* that the plaintiffs have made a showing of ulterior purpose with regard to the filing of the affidavit, there has been no showing that the defendants on the libel causes have done anything more than carry out a legal process to its authorized conclusion. The filing of such an affidavit, even for an ulterior purpose, does not, without more,

constitute a legally sufficient claim for abuse of process *(Williams v Williams,* 23 NY2d 592, *supra;* cf. *Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO,* 46 AD2d 794).

The order should be modified by granting summary judgment as to the fifth and sixth causes of action and, as so modified, the order should be affirmed, without costs.

HOPKINS, Acting P. J., LATHAM and BRENNAN, JJ., concur; SHAPIRO, J., not voting.

Order modified, on the law, (1) by deleting from the decretal paragraph the words "without prejudice" and (2) by adding thereto, immediately after the word "denied", the following: "as to the first and fourth causes of action and granted as to the fifth and sixth causes of action". As so modified, order affirmed, without costs.