In the Matter of JOHN DAVID BAKER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 26, 1980

## APPEARANCES OF COUNSEL

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

*Alfred P. Kremer* for respondent.

OPINION OF THE COURT

*Per Curiam.*

Respondent, an attorney at law, was admitted to practice in this department in March, 1960.

The petition alleges in the first count that in December, 1978 while representing an executor, he caused to be sold certain securities belonging to the estate. The proceeds of the sale totaled some $23,000 which respondent deposited in his general trust account. Thereafter he distributed some of the estate funds to named beneficiaries. One of the beneficiaries received a check in the sum of $6,538.90 drawn on respondent's general trust account as partial payment of this beneficiary's share under the decedent's will. When presented for payment the check was returned by the bank reflecting insufficient funds in respondent's trust account. A subsequent check in the sum of $6,620.65 payable to the same beneficiary and drawn on the respondent's trust account was similarly returned by the bank for the same reason. Several months later appropriate payment was made to the named beneficiary, by means of a cashier's check. During the period of time from December, 1978 to October, 1979 the monthly balances in respondent's trust account were well below the sum required to pay the inheritance which the named beneficiary was entitled to receive although respondent had initially deposited sufficient estate funds in his trust account.

In the second count it is alleged that in October, 1971 letters testamentary were issued to respondent in another estate. Between November, 1971 and January, 1973 respondent issued approximately 10 drafts totaling $35,000 from the estate account to himself or his law firm. This was done without prior court approval and without disclosure to or approval by the beneficiaries of the estate. In August, 1978 the same beneficiaries of the estate instituted proceedings in Monroe County Surrogate's Court to compel respondent to file an accounting. In November, 1979 a settlement in the matter was reached between respondent and the beneficiaries of the estate which resulted in a decree by the Monroe County Surrogate. This decree disallowed certain fees and commissions claimed by respondent and directed respondent to reimburse the estate in the amount of $22,880.40, a sum which reflected unauthorized transfers of estate funds for nonestate purposes.

Respondent admitted the allegations and he has reimbursed

his clients all sums due them. Respondent is guilty of unprofessional conduct in that he failed properly to identify and preserve funds of his clients (Code of Professional Responsibility, DR 9-102); failed to maintain complete records of all funds and properties of his clients and to render appropriate accounts to his clients regarding them (Code of Professional Responsibility, DR 9-102 [B] [3]); commingled and converted clients' funds (22 NYCRR 1022.5 [a]); failed to maintain thorough and correct records of clients' fiduciary accounts and withdrew from the accounts moneys for his own compensation and use without accounting and reporting to his clients beforehand (22 NYCRR 1022.5 [b]).

Respondent should be suspended from the practice of law for a period of two years and until the further order of the court.

DILLON, P. J., CARDAMONE, SIMONS, HANCOCK, JR., and DOERR, JJ., concur.

Order of suspension entered.