In the Matter of JOHN DAVID BAKER, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 12, 1982

APPEARANCES OF COUNSEL

*David E. Brennan* (*Gerard M. LaRusso* of counsel), for petitioner.

*John David Baker,* respondent *pro se.*

**OPINION OF THE COURT**

*Per Curiam.*

Respondent, an attorney at law, was admitted to practice in this department on March 9, 1960.

In 1980 he was charged with violating canon 9 of the Code of Professional Responsibility and 22 NYCRR 1022.5 (a) and (b) containing the rules relating to attorneys, in having placed funds derived from the sale of certain securities belonging to an estate in his general trust account which, on numerous occasions prior to distribution, contained insufficient funds. He was also charged with issuing drafts from another estate account to himself or his law firm without court approval and without disclosure to or approval by the beneficiaries of the estate. Based on these charges, respondent was suspended from the practice of law for a period of two years commencing September 26, 1980 (*Matter of Baker,* 76 AD2d 684).

In this proceeding, commenced on March 4, 1981, to discipline respondent for professional misconduct involving the mishandling of funds entrusted to him by two clients, residents of a nursing home, petitioner moves to confirm the report of the referee to whom the issues were referred for hearing and report. We note that respondent failed to appear or to participate in the hearing.

The referee has found that the allegations contained in the petition have been proved and that respondent failed properly to identify and preserve funds and property of a client (Code of Professional Responsibility, DR 9-102); failed to maintain complete records of all funds of his clients; failed to render appropriate account to his clients regarding them (DR 9-102 [B] [3]); commingled and converted clients' funds (22 NYCRR 1022.5 [a]); failed to maintain true and correct records of clients' fiduciary accounts; and that he withdrew from said accounts moneys for his own compensation and use without accounting and reporting to his clients beforehand (22 NYCRR 1022.5 [b]). The referee also found that respondent filed a suit knowing that such action would serve merely to harass or maliciously injure another (DR 7-102 [A] [1]) and advanced a claim which was unwarranted under existing law (DR 7-102 [A] [2]; see, generally, *Wiener v Weintraub,* 22 NY2d 330).

The record amply sustains the findings of the referee and, accordingly, petitioner's motion to confirm the referee's report is granted.

Respondent has demonstrated his unfitness to continue as a member of the Bar of the State of New York and should be disbarred.

DILLON, P. J., SIMONS, HANCOCK, JR., DOERR and DENMAN, JJ., concur.

Order of disbarment entered.