Chief Judge Fuld.
In this action for libel, the plaintiff, a member of the New York Bar, alleges in his complaint that the defendants falsely and maliciously charged him, in a letter addressed to the Grievance Committee of the Association of the Bar of the City of New York, with dishonesty and fraud. The defendants moved, pursuant to CPLR 3211 (subd. [a]), to dismiss the complaint on the ground that it fails to state a cause of action in that the letter to the Grievance Committee was absolutely privileged. The court at Special Term granted the motion, dismissing the complaint. The Appellate Division Unanimously affirmed the resulting order and granted leave to appeal to us.
There can, of course, be no doubt that statements made by counsel and parties in the course of “ judicial proceedings ” are privileged as long as such statements “ are material and pertinent to the questions involved * * * irrespective of the motive ’ ’ with which they are made. (Marsh v. Ellsworth, 50 N. Y. 309, 311; Youmans v. Smith, 153 N. Y. 214, 219; see, also, Civil Rights Law, § 74, providing that no civil action may be maintained against any party for the publication of a fair and true report of a judicial or other official proceeding.) Petitions or complaints charging professional misconduct of an attorney which, in the past, were presented to the General Term of the Supreme Court (see Youmans v. Smith, 153 N. Y. 214, 215, supra) are now usually filed with the Grievance Committee of a bar association. (Judiciary Law, § 90, subd. 7; Rules of App. Div., 1st Dept., pt. 4, rule XII; Rules of App. Div., 2d Dept., pt. 3, rule XII; see Matter of Branch, 178 App. Div. 585, 588-589; Matter of Wyte, 231 App. Div. 539, 547; Sullivan v. Crisona, 54 Misc 2d 478.) And, it has been observed, a proceeding before such a committee constitutes a “ judicial proceeding.” (Doe v. Rosenberry, 255 F. 2d 118, 120.) In the investigation of such *332 complaints and in the conduct of such proceedings, then, the bar association’s Grievance Committee acts as a quasi-judicial body and, as such, is an arm of the Appellate Division. Quite clearly, the filing of the complaint in the present case initiated a judicial proceeding.
It follows, therefore, that the defendants’ letter to the Grievance Committee was absolutely privileged. (See, e.g., Sullivan v. Crisona, 54 Misc 2d 478, 481-482, supra; Robertson v. Industrial Ins. Co., 75 So. 2d 198 [Fla.]; Richeson v. Kessler, 73 Idaho 548, 551; Cowley v. Pulsifer, 137 Mass. 392, 393; Toft v. Ketchum, 18 N. J. 280, 285; McCurdy v. Hughes, 63 N. D. 435, 446; Ramstead v. Morgan, 219 Ore. 383, 387; Quarles v. Traders & Gen. Ins. Co., 340 S. W. 2d 545 [Tex. Civ. App.]; see, also, 3 Restatement, Torts, §§ 587, 588.)
Assuredly, it is in the public interest to encourage those who have knowledge of dishonest or unethical conduct on the part of lawyers to impart that knowledge to a Grievance Committee or some other designated body for investigation. If a complainant were to be subject to a libel action by the accused attorney, the effect in many instances might well be to deter the filing of legitimate charges. We may assume that on occasion false and malicious complaints will be made. But, whatever the hardship on a particular attorney, the necessity of maintaining the high standards of our bar—indeed, the proper administration of justice — requires that there be a forum in which clients or other persons, unlearned in the law, may state their complaints, have them examined and, if necessary, judicially determined. A lawyer against whom an unwarranted complaint has been lodged will surely not suffer injury to his reputation among the members of the Grievance Committee since it is their function to determine whether or not the charges are supportable. Any other risk of prejudice is eliminated by the provision of the Judiciary Law (§ 90, subd. 10) which declares that “ all papers * * * upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney * * * shall * * * be deemed private and confidential.”
In sum, then, since the statement to the Grievance Committee was material and pertinent to the matter in issue, the defendants were protected by an absolute privilege and the courts below *333 had no alternative but to grant the motion dismissing the complaint.
The order appealed from should be affirmed, with costs.
Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order affirmed.