HON. EWALD B. NYQUIST Commissioner of Education
This is in reply to your request for my opinion as to the liability for damages of certain experts used in the preparation and presentation of professional disciplinary cases and, particularly, their status under section 17 of the Public Officers Law. You also inquire concerning liability of complainants in such cases.
You advise that, in conducting investigations and disciplinary proceedings relating to alleged unprofessional conduct on the part of licensed professionals, your Department has attempted to use outside experts in the preparation and presentation of such cases, but that such experts have been reluctant to provide evaluation and opinions because of their concern that they may be subject to actions for damages as a result of their reports or testimony. The same concern has been expressed by others who are reluctant to refer complaints of alleged unprofessional conduct.
With regard to the above, you inquire as follows:
 1. Are complaints, testimony and reports submitted to or given in connection with professional disciplinary proceedings privileged against a claim for damages for libel or slander?
2. Is that privilege absolute or qualified?
 3. Does the privilege pertain whether or not the person submitting the complaint or preparing or offering the report or testimony is an employee of the State Education Department or a member of one of the State Boards for the Professions?
 4. Are the provisions of Public Officers Law, § 17
applicable to professional consultants retained by the State Education Department on a per diem basis?
Public confidence in the professions depends upon the effectiveness of those bodies which hear complaints and grievances with respect to the conduct of professionals. These bodies, whether grievance committees of professional associations, such as bar associations, or State Boards of those professions licensed by the State, hear complaints of all kinds, from every quarter, including dissatisfied clients and patients, other professionals and members of the public. Upon examination, many complaints are no doubt found to be without merit, while those which are found to be valid can lead to censure, suspension or revocation of a license to practice a profession. Regardless of the merits of a particular complaint, it is important to the proper functioning of these bodies that nothing interfere with informants' willingness to come forward and state their complaints or with the willingness of other professionals to assist in the evaluation and presentation of such complaints.
Whether the complaints warrant further action is a matter for the determination of the professional Boards, and if they determine no disciplinary action is warranted, their investigation casts no disapprobation upon the professional whose conduct has been questioned.
As a result of the recognition of the important function served by these professional boards and grievance committees, the courts have extended an absolute privilege to all relevant communications had with them (see,e.g., Wiener v. Weintraub, 22 N.Y.2d 330 [1968]; Bein v. Lewis,47 A.D.2d 538 [2d Dept., 1975]; Studley, Inc. v. Lefrak, 50 A.D.2d 162
[2d Dept., 1975]; Loudin v. Mohawk Airlines, 44 Misc.2d 926, mod. on other grds., 24 A.D.2d 447; Anonymous v. Association of the Bar of theCity of New York, 515 F.2d 427, 433 [2d Cir., 1975]; see also LaurenceUniversity v. State of New York, 41 A.D.2d 463 [3d Dept., 1973]). Dealing with the question as regards a complaint to a grievance committee relative to the conduct of an attorney, the Court of Appeals in theWiener case, supra, stated (22 N.Y.2d, p. 332):
 "Assuredly, it is in the public interest to encourage those who have knowledge of dishonest or unethical conduct on the part of lawyers to impart that knowledge to a Grievance Committee or some other designated body for investigation. If a complainant were to be subject to a libel action by the accused attorney, the effect in many instances might well be to deter the filing of legitimate charges. We may assume that on occasion false and malicious complaints will be made. But, whatever the hardship on a particular attorney, the necessity of maintaining the high standards of our bar — indeed, the proper administration of justice — requires that there be a forum in which clients or other persons, unlearned in the law, may state their complaints, have them examined and, if necessary, judicially determined. A lawyer against whom an unwarranted complaint has been lodged will surely not suffer injury to his reputation among the members of the Grievance Committee since it is their function to determine whether or not the charges are supportable. Any other risk of prejudice is eliminated by the provision of the Judiciary Law (§ 90, subd. 10) which declares that `all papers * * * upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney * * * shall * * * be deemed private and confidential.'"
The concerns expressed above as to attorneys are no less applicable to other professionals. In the Studley case supra, the Court considered an affidavit submitted by defendant in support of a complaint to the Secretary of State charging the plaintiff real estate broker with unprofessional conduct in violation of the Real Property Law. Defendant claimed that the affidavit was within the scope of a qualified privilege; however, the Court found that "such a communication, made to a licensing agency in connection with a license revocation proceeding in which the agency holds a hearing in order to properly perform its function, is entitled to an absolute privilege, such as that accorded judicial proceedings, thereby rendering the question of malice immaterial * * *." Thus, all material and relevant statements either in a complaint by a patient or other person, including other professionals, or in a report or evaluation prepared for the purposes of a disciplinary proceeding are clothed with an absolute privilege against damages for libel or slander. The answers to your first three questions are, therefore, in the affirmative.
While not within the parameter of your inquiry, it should also be called to your attention that for the purposes of peer group review, absent disciplinary proceedings, only a qualified privilege would pertain, and statements would only be privileged in the absence of malice (Shapiro v.Health Ins. Plan of Greater N.Y., 7 N.Y.2d 56 [1959]).
As to your fourth question, relative to the application of section17 of the Public Officers Law to consultants paid on a per diem basis, I call your attention to the fact that that statute requires the State to save harmless only "officers and employees" of the State. Persons retained and paid as needed and on a per diem basis only, are not included in payrolls but are paid on voucher, they receive no fringe benefits, income taxes are not withheld from their pay and they are not covered by Workmen's Compensation. These persons have none of the indicia of employees, but rather are independent contractors and thus, not eligible for the benefits of Public Officers Law, § 17. Any other result would require legislative action.