■ BRADLEY B. DAVIS et al., Respondents, v ERNEST J. WILLIAMS et al., Appellants.—Order, Supreme Court, New York County, entered June 3, 1977, denying the motion of defendants-appellants to dismiss the complaint for failure to state a cause, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs and without disbursements. In January, 1977, plaintiff-respondent Rosenwald, through plaintiff-respondent Davis as her attorney, commenced an action in Civil Court against Consolidated Edison Company, a defendant-appellant in the instant case, based upon an allegedly wrongful cutoff notice. Shortly thereafter, Rosenwald inserted an anonymous advertisement in a daily newspaper asking others similarly situated to telephone to her attorney. Defendant-appellant Williams, general attorney for Con Ed, sent the advertisement to the Grievance Committee of the Association of the Bar, alleging impropriety and professional ethical violation, and requesting investigation and determination in respect thereof. Some weeks later, counsel to the committee, by letter, effectively disposed of the matter as not violative of an ethical canon, the advertisement having been "placed by Mr. Davis' client without his active participation." The foregoing was set forth in the complaint here under review, added to which were allegations that the letter was sent in behalf of Con Ed, without probable cause "to intimidate * * * Davis from further representing * * * Rosenwald or to otherwise bring litigation against" Con Ed, by reason of which "Davis was put to the time and expense of defending" with consequent "loss of business, humiliation and emotional injury." Defendants' conduct was said to have been an attempt "to deprive * * * Rosenwald of her right to counsel" and to have "delayed her in the prosecution of the aforesaid [Civil Court] litigation." No attempt was made to state separately and number the causes being prosecuted, although the indorsement on the summons characterizes the suit as "for interference with attorney-client relationship and malicious prosecution." As gleaned from plaintiffs' briefs, the complaint seems to embody elements of other causes: defamation, deprivation of civil rights (US Code, tit 42, § 1983), and prima facie tort. As plaintiff-respondent Davis states in his brief, "This is not a libel or slander action." Nor is it one for "deprivation of

any rights, privileges or immunities secured by the Constitution and laws" (US Code, tit 42, § 1983), for no instance of such is alleged. As to "interference with attorney-client relationship," which must be read as an allegation of tortious interference with a contract, "In order for the plaintiff to have a cause of action for tortious interference of contract, it is axiomatic that there must be a breach of that contract by the other party" *(Inselman & Co. v FNB Fin. Co.,* 41 NY2d 1078, 1080). Far from that, no rift in the attorney-counsel relationship is alleged. As to prima facie tort, it cannot be assumed that the requisite intent to cause harm (see *Ruza v Ruza,* 286 App Div 767, 769) was the sole motivation for the letter to the grievance committee. Probable cause for the letter is found in the very existence of the advertisement, calling as it did for phone calls to a named attorney for an anonymous advertiser. And, finally, there is no proper cause pleaded of malicious prosecution. Though there is a showing of damages, there is no clear showing of malice as has just been intimated. Assuming the letter to the committee to have initiated a judicial proceeding *(Wiener v Weintraub,* 22 NY2d 330), lack of probable cause, again, is not demonstrated, and malice does not automatically flow from the sending of the letter in the described circumstances. In sum, no cause of action whatever has been spelled out, nor is anything shown in the motion papers demonstrating that it can be. Nor should we here relegate defendants to Special Term for notice to be given that the motion will be regarded as one for summary judgment so as to provide an opportunity for submission of additional papers. Disposition under CPLR 3211 (subd [a], par 7), is not premature. "There [are] instances in which a submission by plaintiff will conclusively establish that he has no cause of action." *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 636.) This is such an instance. Concur—Murphy, P. J., Birns, Capozzoli and Markewich, JJ.