In the Matter of ROBERT S. PERSKY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 26, 1983

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

*William Jarblum* of counsel (*Jarblum & Solomon, P. C.,* attorneys), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Michael Gentile, chief counsel to the Departmental Disciplinary Committee, has moved for an order recalling and reconsidering this court's order of March 24, 1983, which reinstated respondent as an attorney (92 AD2d 372).

Movant claims that the majority erroneously held that this court is bound by the decision of the Committee on Grievances, now the Departmental Disciplinary Committee, to reprimand respondent without referring the matter to this court for further sanctions, in a proceeding involving respondent's conduct in the *Newburger, Loeb* matter.

We noted that respondent had been disciplined for his conduct in *Newburger, Loeb,* and that the matter was not subject to further review. The reprimand had been imposed on December 28, 1978, and the Grievance Committee did not, as it could have done, refer the matter to the court for a further sanction. On November 13, 1979, we referred the entire matter to the counsel for the Departmental Disciplinary Committee, movant's predecessor, "for the purpose of reviewing, *de novo,* the entire record concerning respondent and drawing charges for further suspension or disbarment." Counsel found no basis for preferring additional charges. Inasmuch as the court, upon receipt of his report, did not appoint special counsel and draw charges, or take other action as it might have considered appropriate, it must be deemed to have accepted the report. Consequently, the court fully considered the sanction imposed in *Newburger, Loeb,* and upon reflection deemed such sanction to be appropriate. The court cannot, and indeed should not, after a lapse of over four years since the reprimand and almost three years from the date of counsel's report, during all of which time respondent has been suspended, impose a different sanction. In light of these circumstances, we held that respondent had been disciplined for his conduct in *Newburger, Loeb* and that the matter was not subject to further review. In so holding, we did not limit our power to sanction beyond the unique circumstances of this case. Manifestly, to impose additional sanctions at this juncture would constitute an abuse of discretion.

This court is the ultimate arbiter of whether an applicant for admission or reinstatement has met his burden of establishing that he possesses the requisite character and fitness to practice law. We found that respondent had met his burden. Movant has not raised anything which was overlooked by this court on the application for reinstatement, and his motion should be denied. Finally, we note

that the Disciplinary Committee, for whom movant ostensibly speaks, expressly did not oppose the application leading to the order which movant now seeks to recall and reconsider.

The motion is denied.

MURPHY, P. J. (dissenting). By order entered March 24, 1983, respondent Persky was reinstated as an attorney upon a decision by the majority who held, in part, that misconduct by Persky for which he had been reprimanded in 1978 by the Committee on Grievances of the Association of the Bar of the City of New York could not be considered by this court upon Persky's application for reinstatement. The majority stated that Persky had not challenged the reprimand by demanding the commencement of a disciplinary proceeding against him, and the committee, in reprimanding Persky, had not recommended to this court that Persky be censured, suspended, or disbarred, all as provided by the committee's rules. "Thus," said the majority, "insofar as the conduct involved in the Newburger, Loeb matter is concerned, petitioner has been disciplined, and the matter is not subject to further review." (92 AD2d 372, 374.)

Notwithstanding that the court was divided upon the ultimate issue of Persky's fitness to be reinstated, the dissenting opinion addressed the majority's holding concerning this court's power to consider Persky's misconduct underlying the reprimand, for error upon that point would extend beyond the immediate case, affecting all reprimands and admonitions issued by the committee and its successor, the Departmental Disciplinary Committee (92 AD2d 372, 376). Accordingly, the dissenting opinion stated (92 AD2d, at p 387): "As for the committee's reprimand of Persky for his conduct in *Newburger,* the reprimand did not fix for this court the boundaries of discipline imposable for that conduct. The committee, as the investigative and prosecutorial instrumentality of this court in disciplinary matters, does not have that power, nor does due process force that result. Hence, it is error for the majority to hold that because the *Newburger* reprimand was left unchallenged by Persky and the committee, the conduct of Persky underlying that reprimand is cordoned off, isolated from

our review. The discipline of attorneys is a power vested in and reserved to this court alone, surely beyond diminution by the inaction of its prosecutorial nominee and a respondent who must have gratefully looked upon his reprimand as a gift. The majority must agree that, if this court learns of an attorney who has been reprimanded by the Departmental Disciplinary Committee for disbarrable conduct, the court, possessing the reserved power to discipline, is empowered to direct the commencement of a disciplinary proceeding for that misconduct and to disbar that attorney. The respondent in that proceeding could not allege the committee's reprimand in defense against censure, suspension, or disbarment by this court. Accordingly, if a reprimand may not be raised against a proceeding to impose discipline, it may not be raised to determine the measure of discipline in a proceeding for reinstatement."

The Departmental Disciplinary Committee has now moved to recall the order reinstating Persky, and for reconsideration of Persky's application, upon the ground that the majority was in error concerning this court's power to consider the misconduct of Persky underlying his reprimand in determining his application for reinstatement.

In denying the Departmental Disciplinary Committee's motion, the majority adheres to its holding concerning this court's power to consider, upon an application for reinstatement, misconduct for which an attorney has been reprimanded but which was not thereafter formally reviewed by this court. Therefore, I dissent.

Several observations, however, should be made about the majority's statements that, "In so holding, we did not limit our power to sanction beyond the unique circumstances of this case", that "to impose additional sanctions at this juncture would constitute an abuse of discretion," and that this court, having "fully considered the sanction imposed in *Newburger, Loeb,* and upon reflection deemed such sanction to be appropriate", cannot "impose a different sanction" by denying Persky reinstatement.

First, the motion should have been granted, for the majority's prior opinion had not intimated that in this case

it was withholding an exercise of disciplinary power because of "unique circumstances".

Second, the circumstances in this case that may be said to be unique involve its procedural history, leaving unaffected the fixed character of Persky's serious misconduct. Hence, the unique circumstances in this case are not relevant to the issue of Persky's reinstatement and, if the majority granted reinstatement because of them, it committed error. As for the majority's holding, for the first time made on this motion, that this court must be "deemed" to have found the *Newburger* reprimand appropriate because, after the court's receipt of the report of the committee's former counsel it did not initiate a disciplinary proceeding against Persky, neither reason nor the history of this proceeding supports that conclusion. A court is never estopped from acting solely because it might have acted earlier. Indeed, if the majority is right, this State's disciplinary system is curiously designed, for then this court's inaction may alone estop it from disciplining an attorney, while neither the Statute of Limitations nor laches would have barred the prosecution of the complaint against him. Further, however much we may be accustomed to the use of legal fictions, justice is not served by fictively "deeming" that this court "accepted" a report of the former counsel to the committee, and then imagining that the court "considered" the *Newburger* sanction and "upon reflection deemed such sanctions to be appropriate." By such a construct Persky secures an advantage to which nothing in law or morality entitles him. In any case, my dissent from the decision to reinstate Persky shows that the history of this case, following this court's receipt of the report of the former counsel to the committee, points only to this court's disagreement with the *Newburger* reprimand. This court, always conscious of Persky's fraudulent character, never imprinted its consent upon the *Newburger* reprimand.

Third, the denial of Persky's application would not have constituted an additional or "different sanction". Persky's reprimand in *Newburger* was the secret discipline of a quasi-judicial body. (*Weiner v Weintraub*, 22 NY2d 330.) It was not the public exercise of the disciplinary power vested

solely in this court by section 90 of the Judiciary Law and surely it was discipline in name only, not in measure. Indeed, the reprimand in *Newburger* was an insufficient sanction and, hence, the denial of Persky's application for reinstatement, in part because of his conduct in *Newburger,* could not logically constitute an opprobrious, additional or "different" sanction.

Last, neither reason nor precedent supports the majority's decision that the denial of reinstatement to a person of Persky's character would be an abuse of discretion. Such a decision would indeed surprise the Federal court that only several years ago permanently enjoined Persky from violating securities laws upon the finding, among others, that Persky's conduct in *Newburger* was proof of his "pronounced tendency to operate outside the recognized bounds of his profession and the law." (*Securities & Exch. Comm. v Everest Mgt. Corp.,* 71 Civ 4932, US Dist Ct, SDNY, Jan. 30, 1979, pp 16-17.)

SULLIVAN, ROSS and BLOOM, JJ., concur; MURPHY, P. J., and CARRO, J., dissent in an opinion by MURPHY, P. J.

Motion by the Departmental Disciplinary Committee for the First Judicial Department to recall and reconsider the order of this court entered on March 24, 1983 denied.