Gerald A. **KEARNEY, individually and as attorney for the Estate of Scott Joplin, and Mary L. Wormley, individually and as sole legatee of the Scott Joplin Estate (Deceased), Plaintiffs,**

v.

**TODD L. SMITH, P.A. and individually, Naomi Behar Smith, P.A. and individually, Karen Coolman Amlong, P.A. and individually, William R. Amlong, Glendale Federal, a banking corporation, formerly known as First Federal of Broward, organized and existing under the laws of the State of Florida, and Richard A. Barnett, P.A. and individually, Defendants.**

No. 85 Civ. 1005 (IBC).

United States District Court, S.D. New York.

Dec. 28, 1985.

Gerald A. Kearney, Fort Lauderdale, Fla., for plaintiffs.

Newman, Schlau, Fitch & Burns, P.C., New York City (Carole A. Burns, of counsel), for defendant Todd L. Smith, P.A.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York City (Richard K. Traub, Stephen M. Marcellino, of counsel), for defendants Todd L. Smith and Naomi Behar Smith.

Geoffrey E. Chanin, New York City, for defendants Karen Coolman Amlong and William R. Amlong.

## OPINION

IRVING BEN COOPER, District Judge.

Plaintiffs instituted this action for damages with the filing of a complaint on February 6, 1985 alleging libel and slander against an exceedingly large number of defendants. By order dated July 11, 1985 we dismissed the complaint against defendants Seymour H. Chanin, Geoffrey E. Chanin, Lothair H. Szerlip and Unibay Co., Inc. for lack of subject matter jurisdiction. Several of the remaining defendants now move for similar dismissal on a variety of grounds. In addition to considering these requests, we proceed to examine *sua sponte* the appropriateness of the claims against those defendants who have as yet failed to make any motions.

### Background

Two separate sets of occurrences form the backdrop to this action. The first series concerned a judgment for $15,000 in favor of Unibay Co., Inc. ("Unibay") and against plaintiff Kearney obtained on September 22, 1980 and entered on January 6, 1981 in Special Term Part I of the Supreme Court of the State of New York, Kings County.

In 1977 Unibay owned a commercial building in Brooklyn, New York, which it rented out to Rappa Trucking Company whose chief operating officer was Frank Rappa, brother-in-law of plaintiff Kearney. That year the tenant fell in arrears for rent, and various legal actions ensued, resulting in an agreement reached and recorded in open session of the same Supreme Court on November 30, 1977 that plaintiff and Rappa would sell a jointly owned piece of land (located in New Jersey) and pay $15,000 of the proceeds to Unibay. Subsequently, Lothair Szerlip, Esq., who at that time was counsel for Unibay, was informed by the New Jersey tax authorities that complete ownership of that piece of land had become vested in plaintiff alone and that he had sold it for $40,000. Despite this, nothing was paid to Unibay in contravention of the agreement that had been reached. Consequently, Unibay, with Geoffrey E. Chanin, Esq. as its counsel,

brought a motion for summary judgment to recover its $15,000; the motion was granted by Judge Thomas R. Jones on September 22, 1980. Although the order (entered of record on January 6, 1981) was promptly served on plaintiff, no money was paid to Unibay.

At approximately the same time these events were unfolding, Mr. Kearney became embroiled in the second set of occurrences giving rise to this litigation before us. As an attorney, Mr. Kearney represented plaintiff Mary L. Wormley in the final settlement of a claim. Plaintiff Wormley, the oldest surviving relative of singer Scott Joplin, had been awarded $105,000 in New York Supreme Court in the settlement of a dispute arising out of the use of one of Joplin's songs. An account was set up at defendant Glendale Federal Bank in Florida ("Glendale Federal") in the name of "Gerald A. Kearny in trust for Mary L. Wormley."

Some time later (date unspecified) Mr. Kearney left New York and took up residence in Florida. Unibay, still trying to satisfy the judgment it obtained in Brooklyn, retained Florida counsel, defendant Karen Coolman Amlong, P.A. An investigation of Mr. Kearney's finances revealed a large amount of money on deposit at Glendale Federal. Mr. Kearney, however, claimed that this was not his money, that it belonged to Mrs. Wormley. Unibay sued Mr. Kearney in state court in Broward County, Florida, listing Glendale Federal as the garnishee. Mr. Kearney initially retained defendant Richard A. Barnett, Esq. to represent him during these garnishment proceedings; later Mr. Barnett withdrew from the case. Mrs. Wormley was represented by defendant Naomi Behar Smith, Esq.

The court in Florida found that the disputed funds were indeed now owned by Mr. Kearney, not Mrs. Wormley, and accordingly awarded a judgment of $21,973.04 in favor of defendant Unibay on January 24, 1984. Glendale Federal complied with the court ordered garnishment.

After so much strange and unusual behavior on the part of Mr. Kearney—exemplified by his persistent evasion of his monetary obligation to Unibay and by the finding of the Florida court that the monies in the account "in trust for" Mrs. Wormley now belonged to Mr. Kearney—several of the defendants became suspicious of his motives. In open court during the garnishment proceedings, defendant Karen Coolman Amlong, Esq. expressed her doubts about plaintiff Kearney's claims. Moreover, defendants Chanin and Naomi Behar Smith independently wrote letters to the Kings County (New York) Bar Association Disciplinary Committee urging an investigation of Mr. Kearney. The instant complaint, grounded on libel and slander, followed with Mr. Kearney claiming that each of the defendants injured his good name.

We feel compelled to note the mysterious uncertainty that has cloaked a whole series of underlying events in this action which found its way into our Court. On August 22, 1985 we received a letter from Carole A. Burns, Esq., attorney for Todd L. Smith, P.A., complaining of the deposition schedule of witnesses that had been set by Mr. Kearney:

> ... Mr. Kearney is giving notice of ten depositions, primarily of non-party witnesses, which he has scheduled between September 9, 1985 and October 1, 1985. Five ... are scheduled in New York; three in Fort Lauderdale, Florida; one in Washington, D.C.; and one in Aquora, California. The three Fort Lauderdale depositions are not scheduled for the same or consecutive days.... [W]e will be in ... California, on September 30th, and the very next day will be required ... in Fort Lauderdale.

After reviewing her letter in the context of the whole case, we responded to Ms. Burns by letter dated August 23, 1985 noting: "Subject to further study the Judge is of the opinion that vital issues involving privileged and non-privileged matter should be first resolved before the unusually large number of depositions at this early stage of the case and already noticed goes forward.... [¶]Accordingly, Judge Cooper directs that each and every deposition be held in abeyance until counsel are directed to proceed therewith." Copies of the letter were sent to all parties.

On November 13, 1985 we received a telephone call from the Clerk's Office of our Court inquiring whether we had any knowledge of the whereabouts of the official docket sheet in this case. We learn that Mr. Kearney had submitted to the Judgment Clerk a proposed default judgment against defendant Glendale Federal; that the clerk spent approximately one hour reviewing the proposed judgment with Mr. Kearney. At that time, the clerk had the docket sheet. Subsequently, however, it was reported missing. After a thorough search, neither the clerk's office nor Mr. Kearney have been able to find it; Mr. Kearney sent us his most recent copy listing the latest entry as July 21, 1985. Since there is no sure way of knowing whether additional documents were thereafter filed, the Judgment Clerk has refused to give his stamp of approval to the proposed default judgment submitted by Mr. Kearney.

We now proceed to examine the outstanding motions and plaintiffs' complaint in general.

## I. *Motion to Dismiss by the Amlongs*

Defendants Karen Coolman Amlong, Karen Coolman Amlong, P.A., and William R. Amlong move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b) on the grounds of lack of subject matter jurisdiction, personal jurisdiction, improper service and failure to state a claim upon which relief can be granted. We begin by examining into personal jurisdiction.

Karen Coolman Amlong, an attorney licensed to practice law in the State of Florida, is the sole shareholder and director of Karen Coolman Amlong, P.A., which is a constituent of Holmes & Amlong, Esqs., the Fort Lauderdale, Florida law firm retained by Unibay to enforce the New York judgment in favor of Unibay. Defendant William R. Amlong is a law clerk with the firm.

■ In order for a court to be able to exercise personal jurisdiction over a defendant not present within the territory of the forum, that defendant must have certain "minimum contacts" with the state in which the court sits "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). What constitutes contact sufficient to warrant the exercise of jurisdiction is not the mere foreseeability that the situation giving rise to the lawsuit occurred in a manner where a defendant has some tenuous link to a foreign state. Rather, "it is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World Wide Volkswagon v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ In the instant case, there is no allegation that the Amlongs had any connection with New York. They were approached in Florida to enforce a sister state judgment there; which sister state rendered that judgment was irrelevant; what mattered was that there was a judgment to be enforced using proceeds located in the State of Florida. Neither of the Amlongs transacted business in New York or sought to take advantage of New York laws, or obtained any privileges, benefits or protections from the State of New York; nor did the cause of action against the Amlongs arise out of an act committed in New York. *See Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In short, the Amlongs did not have enough minimum contacts in the State of New York that could, consistent with the high standards of fair play and substantial justice, subject them to jurisdiction in this forum.

■ We go further. Each state has its own long-arm statute to constitutionally restrict the class of people over which its courts can exercise jurisdiction. The question of jurisdiction over non-resident defendants in an action pending in federal court is to be determined by the long-arm statute of the forum state. *Cargill, Inc. v. Sabine Trading & Shipping Co., Inc.,* 756 F.2d 224, 228 (2d Cir.1985); *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117, 120 (2d Cir.1984).

New York's long-arm statute, C.P.L.R. § 302(a), further narrows the scope of non-residents who may be sued in New York courts, particularly in cases alleging libel and slander:

... a court may exercise personal jurisdiction over any non domiciliary ... who in person or through an agent:

...

3. commits a tortious act without the state causing injury to persons or property within the state, *except as to a cause of action for defamation of character* arising from the act....

(Emphasis added) Furthermore, there is no allegation in the instant complaint that would support the exercise of jurisdiction in New York over the Amlongs pursuant to any other subsection of New York C.P.L.R. § 302.

Accordingly, we find that plaintiffs are precluded from exercising personal jurisdiction over Karen Coolman Amlong, Karen Coolman Amlong, P.A., and William R. Amlong in New York and dismiss the action as to these defendants.

We note that even had we not found a lack of *in personam* jurisdiction we would be compelled to dismiss the complaint against the Amlongs on the ground of failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Plaintiffs' claim for libel and slander against the Amlongs is based on two statements made in open court during the garnishment proceedings of Mr. Kearney's bank account. The first was:

After checking the land records, corporate records, registration and other records, thought what might be found to be assets, it was determined that there were no assets sufficient to satisfy the judgment in the state of Florida. We

filed a motion for a Writ of Garnishment and the Writ was issued.

(Verified Complaint, ¶ 27, at 12)

It is well-settled in New York that statements made during a judicial proceeding are absolutely privileged, *i.e.*, they do not provide a basis for a claim of libel and/or slander, as long as they are pertinent to the proceedings at hand. *Martirano v. Frost*, 25 N.Y.2d 505, 507, 307 N.Y.S.2d 425, 426–27, 255 N.E.2d 693 (1969). ("Since there can be no dispute or question that '[t]he privilege embraces anything that may possibly be pertinent' ... it follows that a statement, made in open court in the course of a judicial proceeding, is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation ...") (citations omitted).[1]

■ Since the above-quoted statement of Karen Coolman Amlong made in open court referred to the very matter at issue in the garnishment proceedings, we find that it was an absolutely privileged statement and thus not libelous or slanderous.

The second allegedly defamatory statement by the Amlongs was:

Now if in fact there is a Mrs. Wormley and I am not really sure whether there is or not...

(Plaintiff's memorandum in opposition to motion to dismiss complaint by defendants Amlong, ¶ 6, at 3)

■ First, the question of Mary Wormley's existence was of vital importance to the court's inquiry regarding whether she or Mr. Kearney owned the funds deposited in Glendale Federal; this statement is thus absolutely privileged. *See Martirano, supra.* Moreover, the statement merely expresses an opinion, and as a matter of law, only a false statement of fact can support a claim for libel and slander. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339–40, 94 S.Ct. 2997, 3006–07, 41 L.Ed.2d 789

(1974); *Mr. Chow of New York v. Ste Jour Azur S.A.*, 759 F.2d 219, 224 (2d Cir.1985); *Yiamouyiannis v. Consumers Union of U.S., Inc.*, 619 F.2d 932, 941 (2d Cir.) *cert. denied*, 449 U.S. 839, 101 S.Ct. 117, 66 L.Ed.2d 46 (1980) ("false or even pernicious opinions are not actionable"); *Hammerhead Enterprises, Inc. v. Brezenoff*, 551 F.Supp. 1360 (S.D.N.Y.1982), *aff'd*, 707 F.2d 33 (2d Cir.) *cert. denied*, 464 U.S. 892, 104 S.Ct. 237, 78 L.Ed.2d 228 (1983).

In sum, plaintiffs' allegations against the defendants Amlong fail to make out a claim upon which relief can be granted. Consequently, even if we did have jurisdiction over the Amlongs, we would be compelled nevertheless to dismiss the complaint against them.[2]

## II. *Motion for Summary Judgment or to Dismiss by Defendant Todd L. Smith, P.A.*

Defendant Todd L. Smith, P.A. moves for summary judgment pursuant to Fed.R. Civ.P. 56, or, alternatively, for dismissal of the action pursuant to Fed.R.Civ.P. 12(h)(3) on the ground that this Court lacks subject matter jurisdiction due to the absence of complete diversity between all plaintiffs and all defendants. Since by order dated July 11, 1985, we dismissed the complaint against all non-diverse defendants and retained jurisdiction over the diverse defendants, we find this request moot.

## III. *Dismissal Under Court's Sua Sponte Jurisdiction*

Having dismissed defendants Seymour and Geoffrey Chanin, Lothair Szerlip and Unibay by our July 11, 1985 order, and having granted the motion to dismiss herein by the three defendants Amlong, the only remaining defendants include: Todd L. Smith, Todd L. Smith, P.A., Naomi Behar Smith, Naomi Behar Smith, P.A., Richard A. Barnett, P.A., Richard A. Barnett and Glendale Federal.

---

1. State substantive law is applicable to these proceedings. *See Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. Having decided that there is no personal jurisdiction over the Amlongs and the complaint fails to state a claim against them for which relief may be granted, we do not go on to analyze whether there was subject matter jurisdiction or whether service was proper.

Although Todd L. Smith, P.A. based his motions only on the ground of lack of subject matter jurisdiction which we have found moot, and although the other remaining defendants did not make similar motions for dismissal,[3] our authority to consider this matter is not at an end. District courts have the ability to *sua sponte* dismiss a complaint for failure to state a claim upon which relief can be granted. *See Diaz v. Stathis*, 440 F.Supp. 634 (D.Mass. 1977), *aff'd*, 576 F.2d 9 (1st Cir.1978); 5 Wright & Miller, Federal Practice & Procedure § 1357, at 593.

We first consider count one of the complaint which alleges defamatory statements by Todd L. Smith, P.A. and Naomi Behar Smith who were hired to represent Mrs. Wormley in the garnishment proceedings against Glendale Federal. In paragraph 7 plaintiffs claim that on or about May 22, 1984 these defendants:

> maliciously composed and caused to be published of and concerning plaintiffs Gerald A. Kearney and Mary L. Wormley a certain false, malicious, and defamatory letter to the New York Departmental Disciplinary Committee, First Judicial Department, on defendants' own stationery and enclosed within defendants' own envelope. Said envelope containing said letter was received by Claudio B. Bergamasco, opened by him, and the contents of said letter were read by him and numerous other people who saw the same.

Plaintiffs attach a copy of the letter; offer an example of the allegedly slanderous statements; accuse defendants of copying and secretly retaining Mr. Kearney's personal documents in order to gain control of the Scott Joplin estate for their own monetary benefit; and allege monetary damage to Mr. Kearney's good name and reputation.

First, we note that the allegation that these defendants had any intention with respect to the estate of Scott Joplin plays no role in a claim of libel and slander. Second, we note that the letter was signed only by Naomi Behar Smith, not by Todd L. Smith or his public association. Third and most significant, it is well-established in New York that complaints to Bar Association disciplinary committees are absolutely privileged; consequently, no claim for libel and slander on the basis of such a statement can stand. *Wiener v. Weintraub*, 22 N.Y.2d 330, 292 N.Y.S.2d 667, 239 N.E.2d 540 (1968); *see also Doe v. Rosenberry*, 255 F.2d 118 (2d Cir.1958). This is so even if it could be affirmatively proven that the statements made were false since, "[a] lawyer against whom an unwarranted complaint has been lodged will surely not suffer injury to his reputation among members of the Grievance committee since it is their function to determine whether or not the charges are supportable." *Wiener, supra*, 292 N.Y.S.2d at 669, 239 N.E.2d at 541. We may assume if such a false and malicious complaint were lodged by an attorney (presumed not to be "unlearned in the law," *id.*), he or she would be held to account in subsequent disciplinary proceedings. For the reason that plaintiffs have not advanced any statement capable of sustaining their claim for libel and slander against defendants Todd L. Smith, Todd L. Smith, P.A., Naomi Behar Smith, or Naomi Behar Smith, P.A., we conclude that the complaint fails to state a claim upon which relief can be granted against these defendants.

Count five of the complaint contains allegations against defendant Richard A. Barnett, Esq., a Florida attorney retained by plaintiff Kearney to represent plaintiffs in the Florida garnishment proceedings. Plaintiffs purportedly paid Mr. Barnett $2,250 in fees; he allegedly initiated proceedings on behalf of plaintiffs, then withdrew from their case as a result of a telephone conversation with Karen Coolman Amlong wherein he "listened extensively to defendant Amlong," who supposedly made

---

**3.** We note that we have received papers by plaintiffs in opposition to a motion to dismiss allegedly made by defendant Barnett. We have not received any such moving papers nor is such a motion entered on the copy of the official court docket sheet which this court maintains regarding this action.

defamatory remarks about Mr. Kearney. (Verified Complaint ¶ 30)

 Merely listening to a defamatory comment is not an element of a libel or slander claim; nor does withdrawing from legal representation constitute a defamatory action. Plaintiffs show no basis for their legal claim against Mr. Barnett. Accordingly, we dismiss the count alleging injuries caused by him.

 Count 6 complains of actions taken by defendant Glendale Federal in the garnishment proceedings; paragraph 33 of the complaint alleges that the funds were "illegally attached." However, the only action taken by the bank was that it complied with the order of the Florida court permitting the garnishment of funds in the account. We fail to see how compliance with a court order can constitute libel or slander or illegal behavior.

We note that, according to the copy of the docket sheet we now have, Glendale Federal submitted no papers in answer to plaintiff's complaint. Nevertheless, we cannot grant a default judgment in plaintiff's favor on a claim without any substantive merit. Put another way, plaintiffs' claim against Glendale Federal fails to state a claim upon which relief can be granted.

In sum, this case presents one of the few fact patterns in which a court, in order to advance the ends of justice, is warranted in dismissing several counts of a complaint *sua sponte.*

## IV. *Sanctions*

The four defendants who we dismissed by our order of July 11, 1985 for non-diversity of citizenship move pursuant to Fed.R. Civ.P. 11 for an order imposing sanctions upon plaintiffs in an amount equal to the expenses, costs, disbursements and reasonable attorneys' fees incurred by these defendants.

Rule 11 provides in pertinent part:

... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument ... that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it ... an appropriate sanction....

 We note first that Mr. Kearney is an attorney licensed to practice in the State of New York; he alleged in his complaint that jurisdiction was based on diversity, and then listed these four defendants as having the same state citizenship as the plaintiffs. Second, viewing the action against these defendants in the context of the entire complaint which we have examined in detail, we would be hard pressed to conclude that this litigation was not intended to harrass or needlessly increase the cost of litigation. Consequently, we order that plaintiff Kearney reimburse Geoffrey E. Chanin, Seymour L. Chanin, Lothair Szerlip and Unibay for reasonable attorneys' fees and other costs they incurred in being forced to litigate this meritless action.

No material has been submitted to enable us to determine the value herein of reasonable attorneys' fees. Accordingly, we follow a practice our Court has successfully employed for a long time: We direct the parties to endeavor to agree on a reasonable and proper amount of attorneys' fees, then to provide us with a proposed form of judgment including such amount agreed upon. If no agreement thereon is reached within 30 days from the filing date of this opinion, defendants are directed to serve and file their fee application. *See Revlon, Inc. v. Carson Products Co.,* 602 F.Supp. 1071, 1107 (S.D.N.Y.1985).

## V. *Claims Made by Plaintiff Wormley*

We are compelled to note that this action was brought by Mr. Kearney and by Mrs. Mary L. Wormley. However, the com-

plaint is totally devoid of any factual allegations by Mrs. Wormley that would even intimate a cause of action in defamation. On the papers before us, we are convinced that her complaint fails to state a claim upon which relief can be granted. Fed.R. Civ.P. 12(b)(6). Accordingly, we order dismissed the complaint of Mrs. Wormley.

## CONCLUSION

In accordance with the foregoing, we are constrained to, and do, dismiss the instant complaint in its entirety. In addition, we order that plaintiffs pay Geoffrey E. Chanin, Seymour L. Chanin, Lothair Szerlip and Unibay the reasonable attorneys' fees and costs incurred in litigating this action.