OPINION OF THE COURT
Robert F. Julian, J.
Relief Requested:
The defendants move to dismiss the complaint alleging lack of personal and subject matter jurisdiction and failure to state a cause of action, and further move for an award of costs and sanctions for alleged frivolous litigation by the plaintiff. The plaintiff cross-moves to disqualify counsel.
*322 Questions Presented:
(1) Was service of process sufficient to create personal jurisdiction?
(2) Are statements made to an administrative law judge of the Social Security Administration’s Office of Hearings and Appeals, in the course of an administrative review of a fee request, privileged communications, and thus protected and not actionable for their alleged defamatory content?
Holding:
The question of whether or not service was perfected against the named defendants under CPLR 308 is a question of fact, which would require resolution by a hearing; however, the complaint is dismissed as the allegedly defamatory statements by the defendants were made in the course of a judicial proceeding and are thus absolutely privileged. Plaintiff’s motion to disqualify defendants’ counsel is denied.
Procedural Status/Facts
Defendant Frederick C. Washburn retained the plaintiff on February 19, 1999 to represent him in an application for Social Security disability benefits. The terms of the fee agreement are in dispute. The plaintiff alleges that the agreed fee was 25% of benefits recovered, to a maximum of $4,000. The defendants deny that the agreed upon fee was 25% up to $4,000, but do not specify an exact arrangement. Attached to the plaintiff’s complaint is a copy of what is alleged to be the original fee agreement signed by both the plaintiff and defendant Frederick C. Washburn on February 19, 1999.
The plaintiff represented the defendant Frederick C. Wash-burn at a hearing before the Administrative Law Judge (ALJ), the Honorable Edmund Round, on October 28, 1999 in Utica, New York. The ALJ reversed the earlier decision of the Social Security Administration (SSA) and awarded the defendant Frederick C. Washburn retroactive disability benefits in the amount of $17,525. The ALJ awarded the plaintiff a fee of $1,500. The plaintiff requested a fee review and asked to be awarded $4,000 consistent with the alleged fee agreement.
The defendant wife, Joanna L. Washburn, wrote a letter on behalf of her husband[1] on January 24, 2001 to the SSA’s Regional Office of Hearings and Appeals contesting the *323 plaintiffs request for a higher fee. In this action the plaintiff seeks damages, alleging that the letter was false and defamatory and was intended to cause injury to the plaintiffs reputation by accusing him of the unethical act of forgery. The letter claimed that the defendant husband had never agreed to pay a fee of $4,000. The letter also stated the defendants’ belief that the fee agreement filed by the plaintiff appeared to have different fonts where the fee amount was listed, incorrectly placed the plaintiffs name where the defendant husband’s was meant to be, and did not bear the defendant husband’s signature. The Regional Chief Administrative Law Judge thereafter decreased the plaintiffs fee to $0.
The defendants move to dismiss the complaint, asserting that this court does not have jurisdiction because of defective service of process upon the defendants under CPLR 308, and that the plaintiff fails to state a cause of action because the alleged defamatory statements were made as part of, and were relevant to, a judicial proceeding, and thus privileged. The defendants also seek costs and sanctions for frivolous litigation pursuant to sections 130-1.1 to 130-1.5 of the Rules of the Chief Administrator (22 NYCRR).
I. Service of Process, Jurisdiction
The issue of proper service of process in this case is a factual dispute, and therefore a hearing would ordinarily be required to determine whether or not service was indeed effectuated. The plaintiff attempted to perfect service against the defendants pursuant to CPLR 308 (4), which requires “affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by * * * mailing the summons * * * to the person.” (CPLR 308 [4].) The plaintiff alleges that the process server left a copy at the defendants’ residence and thereafter mailed a copy to the residence. The defendants’ motion to dismiss the complaint contends that service was not perfected since the summons was not “affixed” to the door of the defendants’ home and rather was stuffed inside their mailbox. Defendants further allege that a copy was never received in the mail.
The statute requires “affixing” the summons to the door. “The affixing of a summons to the door is to be accomplished by use of a nail, tack, tape, rubber band or some other device which will ensure a genuine adherence.” (Werner v Schweit, 138 AD2d 592 [2d Dept 1988], quoting PacAmOr Bearings v Foley, 92 AD2d 959, 960, quoting Siegel, NY Prac § 74.) In *324 cases where there is conflicting testimony as to perfected service, matters of credibility are best determined by the hearing court, whose decision should not be disturbed if supportable by a fair interpretation of the evidence. (Van Raalte v Metz, 161 AD2d 760 [2d Dept 1990]; Feeney v Booth Mem. Med. Ctr., 109 AD2d 865, 866 [2d Dept 1985].) It is appropriate for the court to order a hearing on the validity of service, and the court would ordinarily do so except that the underlying claim should be and is dismissed.
The court concludes that it does not need to reach the issue of validity of service because the alleged defamatory statements occurred in the context of an administrative hearing and are therefore privileged. It is not necessary to conduct a hearing on the details of service when the complaint must be dismissed because it alleges defamatory communications that are in fact privileged.
II. Privilege
The plaintiffs complaint alleges that the defendants’ letter to the SSA contained defamatory statements and that it accused him of “an illegal, immoral, and unethical act, to wit, forging the name of an individual he was representing on a Social Security form” with the intent to cause plaintiff monetary damage. The defendants maintain that statements to the SSA as part of its review of a fee award were made in the context of a judicial proceeding and are privileged from an action for libel under Civil Rights Law § 74.
Statements made by either counsel or parties in the course of “ ‘judicial proceedings’ are privileged as long as such statements are ‘material and pertinent to the questions involved * * * irrespective of the motive’ with which they are made.” (Wiener v Weintraub, 22 NY2d 330, 331 [1968], citing Marsh v Ellsworth, 50 NY 309, 311; Youmans v Smith, 153 NY 214, 219.) In Wiener, the Court confirmed that a proceeding before the Grievance Committee of the Association of the Bar of the City of New York constituted a “judicial proceeding” because in the investigation of complaints the Committee acted as a “quasi-judicial body.” (Wiener at 332.) The Wiener Court held that the privilege was an absolute defense to the action on the allegedly libelous statements made to the Grievance Committee. Thus the complaint was properly dismissed because the filing of a grievance initiated a judicial proceeding. It was “in the public interest to encourage those who have knowledge of dishonest or unethical conduct on the part of lawyers to impart that knowledge to a Grievance Committee or *325 some other, designated body for investigation.” (Id. at 332.) In the present case it is in the public interest to protect the defendants from liability for claims made to a quasi-judicial body in a fee dispute.
The court has been unable to find a case that specifically deals with client complaints made to the SSA Office of Hearings and Appeals. However, as a matter of policy, complaints to that body by a client should be granted the same privilege as complaints “to a Grievance Committee or some other designated body for investigation,” particularly when part of a judicial proceeding that the professional initiated. The defendants’ letter to the SSA was for the Office of Hearings and Appeals to weigh as to validity. Whatever determination that office made was as part of a “judicial proceeding” before a “quasi-judicial body” and defendants’ statements to it were therefore privileged under Wiener.
New York courts have granted absolute immunity to communications made in the course of a number of other different types of administrative proceedings. (Lipton v Friedman, 2 Misc 2d 165 [in a claim before the Workers’ Compensation Board]; Studley, Inc. v Lefrak, 50 AD2d 162 [a complaint before an agency licensing real estate brokers during revocation proceeding]; Kitchner v State of New York, 82 Misc 2d 858 [a complaint arising from an unemployment benefit insurance hearing]; Marino v Wallace, 65 AD2d 946 [statements made in the course of a Public Service Commission hearing].) In order for the extension of an absolute immunity to statements made before an administrative body to be granted, the hearing must allow both parties to fully participate and to challenge the allegations made, and the administrative body must be empowered to take a remedial action. (Toker v Pollak, 44 NY2d 211, 220 [1978].) The plaintiff in the present case not only initiated the review of the SSA determination but also submitted evidence in support of his request for a higher fee. Absolute immunity for the specific statements of the defendants is required because both parties were able to challenge the allegations made to the SSA office and the office was empowered to reduce the plaintiffs fee award.[2]
Proceedings before the SSA have been found to constitute *326 quasi-judicial proceedings and to warrant the grant of absolute privilege for statements made before them. (Jafar v Blue Cross Blue Shield of Greater N.Y., 129 Misc 2d 584 [1985].) The Jafar court pointed out that although New York courts add the additional factor of the availability of judicial review in determining whether absolute immunity extends to proceedings of administrative agencies, the federal law’s focus in making such a determination is on whether the administrative body’s function “involves the exercise of * * * legal principles to varying *327 factual situations and requires notice and hearing.” (Id. at 586, citing Mock v Chicago, Rock Is. & Pac. R.R. Co., 454 F2d 131 [8th Cir 1972].) Under federal law the Jafar court found that statements made in the course of a Medicare overcharge hearing were absolutely privileged because the hearing took place under the authority of the Secretary of Health and Human Services and functioned as an administrative body; as such, under federal law, the proceedings were that of a quasi-judicial administrative body. (Id. at 586.)
Therefore, this court finds that defendants’ letter to the SSA Office of Hearings and Appeals should be granted absolute immunity because, like the statements in Jafar, they were relevant and made as part of a proceeding before an administrative body authorized by the Secretary of Health and Human Services. The court recognizes that the allegations made by the defendants against the plaintiff are very pointed, and if untrue, may be unfair and indeed otherwise defamatory. While sympathetic to the plaintiff’s distress regarding the specific allegations, the balance between encouraging a peaceful and full resolution of disputes, with attendant airing of all relevant claims and allegations, and allowing defamation lawsuits based upon claims ultimately proven to be false or inaccurate has been historically resolved in favor of granting privilege. There is no reason to depart from well established precedent in this case. Particularly in fee disputes, the attachment of absolute privilege is essential if consumer confidence between representatives and clients is to be maintained. A full and fair hearing of complaints and subsequent vindication is the best salve to be applied to charges unfairly made. The plaintiff’s complaint should therefore be dismissed with prejudice.
Because the issue of the claim of privilege for statements made before the SSA Office of Hearings and Appeals in connection with a fee award does not appear to have been ruled on previously, the defendant’s request for costs and sanctions for frivolous litigation pursuant to sections 130-1.1 to 130-1.5 of the Rules of the Chief Administrator should also be denied. (Hinckley v Resciniti, 159 AD2d 276 [1st Dept 1990] [where an award of attorney’s fees for the commencement of frivolous litigation was vacated when alleged defamatory statements made in affidavits were found to be “absolutely privileged” and the suit was dismissed].)
The court finds plaintiff’s motion to disqualify defendants’ counsel to be without merit and that motion is denied.

. Since SSA has accepted and utilized the letter written by the wife on behalf of the husband, this court accords the letter the same status as if written by the husband, as he has ratified and concurred with the letter.

. The SSA’s procedure for the award and review of representative fees is outlined in 42 USC § 406 and provides in part: “The Commissioner of Social Security may prescribe rules and regulations governing the recognition of agents or other persons, other than attorneys as hereinafter provided, representing claimants before the Commissioner of Social Security * * * . *326 The Commissioner of Social Security may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Commissioner of Social Security under this subchapter, and any agreement in violation of such rules and regulations shall be void.” (42 USC § 406 [a] [1] [2001] [emphasis added].) In order to award any fee to a representative in a claim of entitlement of past-due benefits the agreement must be presented in writing to the Commissioner of Social Security prior to the Commissioner’s determination regarding the claim, must not exceed the lesser of 25% of the total amount of such past due benefits or $4,000, and the determination must be favorable to the claimant. (42 USC § 406 [a] [2] [A] [2001].) The Commissioner must then approve of the fee award. The Commissioner provides for a review of fee awards if the claimant, adjudicator, or representative submits a written request to the Commissioner and all parties are provided reasonable notice of the request and an opportunity to submit written information in favor or opposition of such request. In cases where the representative makes the review request the review shall be conducted by the ALJ who made the favorable determination, if available, or by another person designated by the Commissioner. Upon completion of the review, the ALJ sets the amount that would otherwise bef the maximum fee, and such a decision by the ALJ shall not be subject to further review. (42 USC § 406 [a] [3] [A], [B], [C] [2001].)
In the present case the plaintiff makes no claim that the alleged fee agreement was ever approved by the Commissioner prior to the favorable determination made by the ALJ, Judge Round. Judge Round’s December 8, 2000 written authorization to charge and collect fees provided after the favorable determination awarded the plaintiff $1,500 in fees. Within the authorization to collect fees the policy for requesting a review of the fee determination was outlined in detail. The plaintiff representative requested a review of the fee determination and submitted written evidence, the defendants-claimants were given the opportunity to submit similar written information in opposition to the plaintiff’s request for a higher fee award as prescribed by 42 USC § 406. The SSA Office of Hearings and Appeals Regional Chief Administrative Law Judge Paul C. Lillies did a review of the ALJ’s fee award. The final judgment modified the fee to $0, superseded ALJ Round’s order, and is nonreviewable. From the evidence before the court it appears that the procedure for reviewing the fee award was followed completely. Therefore, the decision of the reviewer, as the designee of the Commissioner of Social Security, and in accordance with 42 USC § 406, should be considered to be a hearing before an administrative body, which was empowered to take remedial action and allowed both parties to participate fully in challenging the allegations made. This court notes, but does not address, the lingering question of whether allowing the instant action would not constitute, in effect if not form, an impermissible review of Judge Lillies’ determination.