24-1605-cv
*Doyle, et al. v. James*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand twenty-five.

PRESENT:     GUIDO CALABRESI,
                      DENNY CHIN,
                      SARAH A. L. MERRIAM,
                              *Circuit Judges*.

_____

PASTOR PAUL DOYLE, d/b/a Cornerstone Church; CLAY CLARK, d/b/a ReAwaken America,

     *Plaintiffs-Appellees*,

        v.                                                                           24-1605-cv

ATTORNEY GENERAL LETITIA JAMES, in her individual and official capacity,

     *Defendant-Appellant*.\*

_____

_____

\* The Clerk's Office is respectfully directed to amend the caption as reflected above.

FOR PLAINTIFFS-APPELLEES:  TRICIA S. LINDSAY, Law Offices of Tricia S. Lindsay, Mount Vernon, NY.

FOR DEFENDANT-APPELLANT:  JOSEPH M. SPADOLA (Barbara D. Underwood, Solicitor General; Victor Paladino, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from the May 13, 2024, order of the United States District Court for the Western District of New York (Sinatra, *J.*).

**UPON DUE CONSIDERATION,** the District Court's Order is **VACATED** and **REMANDED**.

Plaintiffs-appellees Paul Doyle and Clay Clark ("plaintiffs") brought this action against Attorney General Letitia James ("James") alleging, as relevant to this appeal: (1) retaliation in violation of the First Amendment, and (2) defamation *per se* in violation of New York state law. James moved to dismiss the complaint, asserting that she was entitled to qualified immunity as to plaintiffs' federal claim and to absolute privilege as to plaintiffs' state claim. The District Court denied her motion to dismiss, *see Doyle v. James*, 733 F. Supp. 3d 191 (W.D.N.Y. 2024), and James brought this interlocutory appeal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

I.    **Federal Law First Amendment Retaliation Claim**

In denying James's motion to dismiss plaintiffs' First Amendment claim, the District Court relied on this Court's decision in *National Rifle Association of America v. Vullo* ("*Vullo I*"), 49 F.4th 700 (2d Cir. 2022), which addressed First Amendment

coercion and retaliation claims.[1]  During the pendency of this appeal, the Supreme Court

reversed our decision in *Vullo I*, holding that the plaintiff in that matter had adequately

alleged a First Amendment violation.  *See Nat'l Rifle Assoc. of Amer. v. Vullo*, 602 U.S.

175, 197 (2024).  The Supreme Court remanded for further proceedings, indicating that

this Court was "free to reconsider whether Vullo is entitled to qualified immunity."  *Id.* at

199 n.7.  On remand, this Court issued a decision in *National Rifle Association of*

*America v. Vullo* ("*Vullo II*"), 144 F.4th 376 (2d Cir. 2025), addressing qualified

immunity.

The District Court did not have the benefit of either the Supreme Court's decision

in *Vullo* or our qualified immunity ruling on remand of that matter.  Accordingly, in light

of these developments in the law, we vacate the District Court's decision as to plaintiffs'

federal claim, and remand for reconsideration with the benefit of these decisions.

## II.     State Law Defamation *Per Se* Claim

Because we vacate the District Court's order as to plaintiffs' federal claim, we

likewise vacate as to the state law claim.  On remand, if the District Court dismisses the

federal claim, it should consider whether to retain supplemental jurisdiction over

plaintiffs' state law claim pursuant to 28 U.S.C. §1367(c).  If the District Court exercises

jurisdiction and reaches the merits of the defamation *per se* claim, it should analyze

James's absolute privilege defense in light of New York Court of Appeals decisions,

including but not limited to *Gottwald v. Sebert*, 40 N.Y.3d 240 (2023), and *Wiener v.*

---

[1]  At the time of the District Court's decision, and as it acknowledged, *see Doyle*, 733 F. Supp. 3d at 205 n.3, the Supreme Court was reviewing our decision in *Vullo I*.

*Weintraub*, 22 N.Y.2d 330 (1968).  The District Court should also consider the applicability of *Rosenberg v. MetLife, Inc.*, 8 N.Y.3d 359 (2007), in which the New York Court of Appeals considered the application of absolute privilege to pre-investigative statements.  *See id.* at 365-67.

\* \* \*

For the foregoing reasons, we **VACATE** the order of the District Court (1) denying James's motion to dismiss plaintiffs' First Amendment claim on qualified immunity grounds and (2) denying James's motion to dismiss plaintiffs' defamation *per se* claim on the ground of absolute immunity, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court